## The DARTMOUTH COMPANY

v.

## DAY'S, INC.

Supreme Judicial Court of Maine.

Argued Sept. 10, 1980.

Decided Sept. 15, 1980.

Drummond, Woodsum, Plimpton & MacMahon, Thomas H. Allen (orally), Portland, for plaintiff.

Reef & Mooers, P.A., William B. Jordan (orally), Norman S. Reef, Allen J. Hrycay, Portland, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

GLASSMAN, Justice.

Plaintiff–appellant, The Dartmouth Company, appeals from an order of the Superior Court, Cumberland County, denying a motion for approval of attachment and trustee process. Having jurisdiction under the collateral order exception to the final judgment rule, *see Northeast Investment Co. v. Leisure Living Communities, Inc.*, Me., 351 A.2d 845, 849 (1976); *Foisy v. Bishop*, Me., 232 A.2d 797, 798 (1967), we affirm the order of the Superior Court.

 In order to be entitled to prejudgment attachment and/or trustee process, the plaintiff must demonstrate by affidavit or otherwise a reasonable likelihood of success. M.R.Civ.P. 4A(c) (attachment); M.R. Civ.P. 4B(c) (trustee process); *see Northeast Investment Co. v. Leisure Living Communities, Inc., supra,* 351 A.2d at 851–52. Dartmouth predicates its right to relief on an assignment of a lease and incorporated agreement between P.H. & J.M. Brown Company as lessor and Day's, Inc. as lessee. The answer of Day's, Inc. denies the fact of the assignment upon information and belief. No evidence by way of affidavit or otherwise was offered in the Superior Court as to the existence of the assignment upon which Dartmouth's right to relief is predicated. Therefore, Dartmouth failed to establish a reasonable likelihood of success on its complaint.[1]

The entry is:

Order denying approval of attachment and trustee process affirmed.

All concurring.

---

1. There is a suggestion in the record that the presiding Justice believed he had discretion to deny the motion for attachment and trustee process, despite the likelihood of success, if he concluded the defendant would have more than sufficient assets to satisfy any anticipated judgment. Of course, there is no such discretion when ruling upon a motion for attachment or trustee process after notice. *See* M.R.Civ.P. 4A(c); M.R.Civ.P. 4B(c). There is a requirement of need when seeking an *ex parte* attachment or trustee process. *See* M.R.Civ.P. 4A(f); M.R.Civ.P. 4B(h).