**Stephen D. HAYES and Andrea Hayes Valway**

v.

**James M. SMITH, III.**

Supreme Judicial Court of Maine.

Argued May 9, 1984.

Decided May 31, 1984.

the judgment of $100,000, which they expect to receive from the jury." Such conclusory language does not satisfy the requirement of specificity contained in M.R. Civ.P. 4A(h). Our decision in *Bowman v. Dussault*, 425 A.2d 1325, 1329–30 (Me. 1981) mandates the denial of plaintiffs' appeal.

The entry shall be:

Order affirmed.

All concurring.

Stephen D. Hayes, pro se.

Smith & Elliott, Roger S. Elliott, Thomas S. Coward (orally), Saco, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

## MEMORANDUM OF DECISION.

Plaintiffs Steven Hayes and Andrea Hayes Valway appeal from the order of the Superior Court (York County) denying their motion for prejudgment attachment of defendant Smith's property in the amount of $100,000. The complaint filed by plaintiffs seeks the recovery of damages for fraud and misrepresentation in connection with a purchase of land for $10,500. Plaintiffs do not seek recision of the contract. The affidavit submitted in support of plaintiffs' motion contains no specific allegations to permit the court to decide whether there is a reasonable likelihood that plaintiffs will recover a judgment equalling or exceeding the amount of the attachment. The only statement contained in plaintiffs' affidavit on this point is the conclusion that "Plaintiffs feel sure that they will prevail in this case when it comes to trial by jury, but they have no assurance that the Defendant, Smith, will have the funds available to pay