**Robert CONNOR**

v.

**Linus J. STITHAM.**

Supreme Judicial Court of Maine.

Argued Nov. 13, 1984.

Decided Dec. 31, 1984.

Archer & Perry, Mark A. Perry (orally), Brewer, for plaintiff.

Berman, Simmons & Goldberg, P.A., Paul F. Macri (orally), Jack H. Simmons, Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

NICHOLS, Justice.

The Defendant, Linus J. Stitham, challenges an attachment of his real estate authorized in June, 1984, by the Superior Court (Hancock County) in a tort action arising out of an incident that occurred at Dover-Foxcroft and is now pending in that court.

M.R.Civ.P. 4A provides that a motion for approval of an attachment must be supported by an affidavit or affidavits that set forth specific factual allegations, not merely conclusory statements, sufficient to warrant the required findings. The affidavit of this Plaintiff, Robert Connor, lacks that specificity. It describes the alleged tort in the most general of terms and is barren of such factual allegations as the trial court needs to fix an appropriate amount for an attachment. *Anderson v. Kennebec River Pulp & Paper Co.*, 433 A.2d 752, 755 (Me. 1981).

Furthermore, the same rule requires the affidavit to be made upon the affiant's own knowledge, information or belief; and so far as upon information and belief, it must recite that he believes this information to be true. The jurat of this Plaintiff does not include the latter statement.

Finally, the Plaintiff's compliance with M.R.Civ.P. 4A(h) is deficient in that in this affidavit the Plaintiff purports to incorporate by reference an unsworn statement of a physician who had examined the Plaintiff.

The entry must be:

Order approving attachment vacated.

Remanded for entry of an order denying the motion to approve attachment.

All concurring.