**Russell A. BURNS, III, et al.**

v.

**Christopher SMITH.**

Supreme Judicial Court of Maine.

Argued June 5, 1985.

Decided July 11, 1985.

Cloutier, Joyce, Dumas & David, Paul R. Dumas, Jr. (orally), John C. McCurry, Rumford, for plaintiff.

Berman, Simmons & Goldberg, P.A., Jack H. Simmons, Paul F. Macri (orally), Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Plaintiffs (Burns) are seeking compensation from defendant, Christopher Smith, M.D., for damages arising from the birth of the infant plaintiff, Russell A. Burns,

III. Burns obtained an ex parte attachment from the Superior Court, Somerset County. Smith's motion to dissolve the plaintiffs' attachment was denied after a hearing. Smith appeals from that judgment. We affirm.

## I.

◼ Smith contends that the jurat of an affidavit signed by Joanne and Russell Burns violates M.R.Civ.P. 4A(h) [1] because it lacks the statement that the affiants believe to be true that information as to which they do not have personal knowledge. Smith failed to raise this issue in his motion to dissolve the ex parte attachment, however, and made no effort to raise it at the hearing on that motion. We decline to entertain Smith's challenge to the jurat at this point in the proceedings. *See Beesley v. LandMark Realty, Inc.,* 464 A.2d 936, 937–38 (Me.1983); *Bowman v. Dussault,* 425 A.2d 1325, 1329 n. 2 (Me.1981).

## II.

◼ Smith contends that the affidavits filed in support of Burns's motion for approval of the attachment are so conclusory and so lacking in specific allegations that they are insufficient to support the attachment.[2] He first asserts that the affidavit of Paul Dumas, Burns's attorney, states no specific facts which would give rise to a finding that the plaintiffs were reasonably likely to recover in this case. That affidavit alleges facts demonstrating that Smith has considerable real estate holdings in the

area of Strong, Franklin County, revealed through Dumas's search of the Registry of Deeds. Furthermore, it alleges the fact that Smith is attempting to sell his real estate holdings, and that he intends to move to Belfast, Maine, to practice medicine. Smith also challenges the specificity of the allegations of the affidavit of attorney Daniel Lilley. That affidavit states that it is Lilley's professional opinion that there is a likelihood of success in the case. Our review of the record, however, satisfies us that the plaintiffs provided enough information apart from any consideration of the affidavits of Dumas and Lilley to establish a reasonable likelihood of success.

## III.

◼ With respect to the Burns's affidavit, Smith urges that although it contains some specific information with regard to the *injuries* suffered by the infant plaintiff, none of the facts demonstrate a reasonable likelihood of a success on the question of Smith's professional negligence. Smith also contends that the affidavits are insufficient because they do not contain an expert opinion as to Smith's breach of any standard of care. We disagree. The complaint provides a factual basis for the claim because the attached statutory notice of claim, itself an affidavit, accomplishes the same purpose, as well as alleging medical malpractice, negligence, and breach of an implied and explicit contract for medical services. Because the dissolution judge may consider other matters submitted un-

---

1. M.R.Civ.P. 4A(h) provides as follows:
   **(h) Requirements for Affidavits.** Affidavits required by this rule shall set forth specific facts sufficient to warrant the required findings and shall be upon the affiant's own knowledge, information or belief; and, so far as upon information and belief, shall state that he believes this information to be true.

2. M.R.Civ.P. 4A(c) & (f) require "a reasonable likelihood that the plaintiff will recover judgment" in order to grant an attachment. We have articulated this standard as follows:
   To satisfy the reasonable likelihood requirement, plaintiffs need only have had a "mere probability of success or a favorable chance

of success." The attachment may be approved so long as plaintiffs' claim is not of "such insubstantial character that its invalidity so clearly appears as to foreclose a reasonable possibility of recovery." The limited showing required of plaintiffs, combined with the "clear abuse of discretion" standard of review, necessitates reversal of a Superior Court order granting an attachment only in the relatively rare cases where the record before the Superior Court shows the plaintiffs to have had virtually no chance of recovery on their claim.
*Herrick v. Theberge,* 474 A.2d 870, 874 (Me.1984) (citations omitted).

der oath, *Herrick v. Theberge,* 474 A.2d 870, 873 (Me.1984), the trial judge had ample evidence upon which to conclude that there was a reasonable likelihood of recovery. Acknowledging our standard of review in this matter, it certainly cannot be said that the record "shows the plaintiffs to have had virtually no chance of recovery on their claim." *Herrick,* 474 A.2d at 874.

■ Finally, we have never held that expert testimony is required to establish a reasonable likelihood of success for purposes of attachment proceedings. The costs and difficulties of obtaining such testimony would contravene the intended simplicity of Rule 4A proceedings.

The entry is:

Judgment affirmed.

McKUSICK, C.J., NICHOLS, WATHEN, and GLASSMAN, JJ., concur.

SCOLNIK, Justice, dissenting.

I respectfully dissent. It is, of course, true that this Court gives great deference to the substantive decision of the Superior Court as to whether the plaintiff has shown "that there is a reasonable likelihood that the plaintiff will recover judgment ... in an amount equal to or greater than the amount of the attachment...." M.R. Civ.P. 4A; *see DiPietro v. Casco Northern Bank,* 490 A.2d 215, 218 (Me.1985); *Herrick v. Theberge,* 474 A.2d 870, 874 (Me. 1984). But the occasion for that deference exists only where the Superior Court properly exercised its discretion.

Rule 4A(h) states that, "[a]ffidavits required by this rule shall set forth specific facts sufficient to warrant the required findings...." Where the plaintiff's request for attachment is not so supported it is insufficient. The Superior Court then has no discretion to proceed to the substantive issue of "reasonable likelihood." *Connor v. Stitham,* 485 A.2d 659, 660 (Me. 1984); *Bowman v. Dussault,* 425 A.2d 1325, 1329 (Me.1981).

This is a medical malpractice action. In support of their motion for an ex parte attachment the Plaintiffs presented two affidavits. Their own contains only allegations of injury and conclusory statements concerning the Defendant's professional negligence. The second was from their attorney. While he is admittedly an experienced practitioner, he neither would nor could be a witness in the case, particularly as to the appropriate standard of medical care. Even if he could, his affidavit refers to the facts underlying the claim only in his statement that the affidavit is "based on my professional experience and my personal knowledge of the facts of this case...." While he stated facts relevant to the *need* for an *ex parte* attachment, M.R.Civ.P. 4A(f)(i), (ii), he failed to state in non-conclusory fashion any specific fact that would support a finding of plaintiff's reasonable likelihood of recovery.

Attached to the Plaintiffs' affidavit were unsworn medical records. These, of course, do not comply with Rule 4A(h). *Connor v. Stitham,* 485 A.2d at 660. The Plaintiffs concede that their sole function is illustrative, and do "not rely upon the medical records to sustain any part of the burden imposed upon them by Rule 4A." Also before the court at that time were the complaint, unsworn and thus insufficient for this purpose, and the Plaintiff's Notice of Claim, made under 24 M.R.S.A. § 2903. Like their affidavit, this Notice contains only allegations of injury and conclusions regarding liability. Nonetheless, the Court's opinion turns on the supposed sufficiency of these documents, taken together, under Rule 4A(h).

The Court states, "[t]he complaint provides a factual basis for the claim because the attached statutory notice of claim, itself an affidavit, accomplishes the same purpose...." Clearly, the motion Justice may consider any materials as to which the requirements of Rule 4A(h) are met. *Herrick v. Theberge,* 474 A.2d 870, 874 (Me. 1984). In this case the Notice of Claim was attested to *before* the complaint was filed as required by 24 M.R.S.A. § 2903 (Supp. 1984). While the complaint incorporated

the Notice by reference, the converse is not also true. The motion for attachment does not refer to the complaint, nor did the Plaintiffs' affidavit incorporate it. Though their attorney's affidavit refers to the complaint, that could not be for the purpose of adopting allegations to which the attorney himself could not specifically attest. The Justice could no more consider this complaint in ruling on the attachment than he could consider that day's newspaper. Similarly, the affidavit from a second lawyer, submitted on the Defendant's motion to dissolve, was insufficient. While he is also an experienced practitioner, his affidavit consists solely of a legal conclusion.

Of all the foregoing material, only the Plaintiffs' statements that the Defendant supervised the birth and that the minor plaintiff suffers from injuries are specific factual allegations. The rest is entirely irrelevant to the Superior Court's decision under M.R.Civ.P. 4A. There are no specific facts from which the Superior Court could have determined how the Defendant was in breach of his duty, let alone what he should have done in the exercise of reasonable care. Even assuming that the Plaintiffs may rely on the doctrine of *res ipsa loquitur,* they have stated nothing to show that the injuries would not have occurred had the Defendant exercised due care. *See Corbett v. Curtis,* 225 A.2d 402, 405 (Me. 1967).

There is no need for the Court to decide here whether or not an expert's testimony is required in the attachment proceeding, since there were no sworn factual allegations at all from which the motion Justice could determine whether the Plaintiffs might prevail on the issue of liability. It is highly unlikely that the Plaintiffs will be able to prove their case at trial without an expert, but here, where there were not even sufficient factual allegations made by a lay person, the Court does not have to decide that expert testimony is not needed as well.

The fact that this Court gives great deference to the Superior Court in its decision to grant an attachment reflects our concern for judicial economy: for avoiding protracted litigation over what is, essentially, a collateral matter in a lawsuit. It does *not* reflect any lack of importance of the Rule 4A decision. "Because pre-judgment attachment can work serious hardship on a defendant before the merits of the plaintiff's case are fully determined, the attachment procedures prescribed by legislation and implementing court rules must be strictly adhered to." *Bowman v. Dussault,* 425 A.2d at 1328; *Englebrecht v. Development Corp.,* 361 A.2d 908, 910 (Me. 1976).

The test embodied in M.R.Civ.P. 4A is a constitutional requirement, introduced as a result of *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). The automatic procedure for obtaining attachments that prevailed before 1972 was rejected by the United States Supreme Court, and the 1973 amendment to Rule 4A reflects the change in policy. *See* M.R.Civ.P. 4A, Advisory Committee's Note, 1 Field, McKusick & Wroth, *Maine Civil Practice* 61–68 (2d ed. Supp.1981). This Court has previously had no trouble reversing the approval of attachments that were not supported by affidavits meeting "the specificity required by subsection (h) of Rule 4A." *Bowman v. Dussault,* 425 A.2d at 1329; *see, e.g., Connor v. Stitham,* 485 A.2d 659; *Hayes v. Smith,* 476 A.2d 192 (Me.1984) (Mem.); *The Dartmouth Co. v. Day's Inc.,* 419 A.2d 366 (Me.1980); *Englebrecht v. Development Corp.,* 361 A.2d 908. It should not hesitate to do the same in this case.