**Debra SCHEVENELL**

**v.**

**Esther McKAY and Clarence McKay.**

Supreme Judicial Court of Maine.

Argued June 6, 1985.

Decided July 15, 1985

---

*Connor v. Stitham*, 485 A.2d 659, 660 (Me. 1984). All four of the Plaintiff's supporting papers are deficient in this respect. The Plaintiff's own affidavit merely sets forth the general allegations of her complaint. The other supporting papers (two of which are nothing more than unsworn statements) contain no specific factual allegations by which the presiding justice could reasonably conclude that the Plaintiff might recover under any of her theories of recovery.

The entry must be:

Order denying attachment affirmed.

All concurring.

Jackson & Pallas, Francis M. Jackson (orally), Westbrook, for plaintiff.

Arthur H. Dumas, Kenneth I. Marass (orally), Sanford, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

NICHOLS, Justice.

The Plaintiff, Debra Schevenell, appeals the denial by the Superior Court (York County) of her motion to attach certain real estate in Berwick. This motion arises in her action against her former landlords, Defendants Esther McKay and Clarence McKay, to recover damages under statutory and common law theories of recovery for improper electrical metering and access to premises.

In the case before us the presiding justice did not abuse his discretion.

M.R.Civ.P. 4A provides that a motion for approval of an attachment must be supported by an affidavit or affidavits that set forth specific factual allegations, not merely conclusory statements, sufficient to warrant the required findings.