**ATLANTIC HEATING COMPANY, INC.**

**v.**

**John LAVIN, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 5, 1990.

Decided March 29, 1990.

Howard J. Feller, Beagle Pearce, Feller & Ridge, Portland, for plaintiff.

John E. Lavin, Portland, pro se.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

The defendants, John and Joan Lavin, appeal from the order of the Superior Court (Cumberland County, *McKinley, J.*) denying approval of their motion for attachment and trustee process of property owned by Atlantic Heating Company, Inc. ("Atlantic"), the general contractor from whom they purchased their Portland home in February 1987. Because the Superior Court committed neither clear error nor an abuse of discretion in denying the motion that was supported by a single affidavit that failed to provide specific facts, we affirm.

A motion for attachment, 14 M.R.S.A. § 4151 (1980 & Supp.1989), may be approved upon a finding, based on specific facts set forth by affidavit, that there is a reasonable likelihood of recovery "of an amount [including interest and costs that is] equal to or greater than the amount of the attachment over and above the aggregate of any liability insurance and any [other] property ... available to satisfy the judgment." M.R.Civ.P. 4A(c), (h); *see Herrick v. Theberge*, 474 A.2d 870, 873 (Me. 1984). We have required strict compliance with the rule requiring specific facts sufficient to warrant the necessary findings. *Anderson v. Kennebec River Pulp & Paper Co.*, 433 A.2d 752, 755 (Me.1981); *Englebrecht v. Development Corp.*, 361 A.2d 908, 910–11 (Me.1976).

The Lavins, who appeal *pro se*, do not address the substantive finding on the sufficiency of the affidavit advanced in support of their motion that was implicit in the motion justice's ruling. Instead, they contend that due process was denied them by the entry of an order without benefit of a hearing.[1] While it is unfortunate that

---

1. The notice of hearing apprised them that three other matters in this protracted litigation would be heard but did not indicate that the motion

for approval of attachment and trustee process would be heard. After noting this fact at the hearing, the motion justice said that he would

the order was entered after the motion justice indicated that a decision would be reserved pending a further hearing, we decline to disturb the finding that no reasonable basis existed for approving the Lavins' motion. *See Chase Commercial Corp. v. Hamilton & Son,* 473 A.2d 1281, 1282–83 (Me.1984).

Under the rules, a hearing is not required to be held prior to ruling on a motion for approval of attachment. *See Anderson,* 433 A.2d at 754 n. 1; M.R.Civ.P. 4A(c) (requiring affidavits in support of motion). The Lavins neither contended as a ground for reconsideration that could have been requested nor advanced as a ground for appeal that the failure to hold a hearing denied them the opportunity to supplement their affidavit with additional affidavits that might have supplied the requisite facts. Moreover, had a hearing been conducted, the Lavins could not have used oral testimony to replace or supplement the defective affidavit. *Anderson,* 433 A.2d at 754 nn. 1 & 2; *see also Aim Leasing Corp. v. Bar Harbor Airways, Inc.,* 499 A.2d 154, 156 (Me.1985).

█ The sole affidavit presented by the Lavins, that of John Lavin, was devoid of any specific facts by which the motion justice could have concluded that a reasonable likelihood of success existed on the merits of the claim that Atlantic engaged in a series of "fraudulent acts" during the construction of their home. *Herrick,* 474 A.2d at 874; *Beesley v. Landmark Realty, Inc.,* 464 A.2d 936, 937 (Me.1983). Lavin's "affidavit merely sets forth the general allegations of [their] complaint." *Schevenell v. McKay,* 495 A.2d 830, 831 (Me.1985). The absence of factual specificity required to fix the amount of attachment, requested for $150,000, is equally unsatisfactory. *Connor v. Stitham,* 485 A.2d 659, 660 (Me. 1984); *Bowman v. Dussault,* 425 A.2d 1325, 1329 (Me.1981). Given the clearly defective affidavit and the absence of any indication that the Lavins intended to offer

anything other than their own oral testimony at the hearing, the motion justice's ruling amounts to neither clear error nor an abuse of discretion. *Chase Commercial Corp.,* 473 A.2d at 1283.

The entry is: Order denying the motion for approval of attachment and trustee process affirmed.

All concurring.

---

reserve judgment on the matter until after a further hearing could be held. Despite this, the justice ruled on the motion in conjunction with orders issued on the other matters heard that day and denied it, stating that "no reasonable basis upon which to grant the defendants' motion" existed. The Lavins did not move for reconsideration nor do they represent that they would have submitted additional affidavits if presented with an opportunity to do so.