Maureen **FOLEY** a/k/a **Micki Lacey**

v.

**Roland R.J. JACQUES.**

Supreme Judicial Court of Maine.

Submitted on briefs April 26, 1993.
Decided July 8, 1993.

James P. Boone, Caron & Boone, Saco, for plaintiff.

---

Herschel M. Lerman, Biddeford, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

COLLINS, Justice.

Maureen Foley appeals from an order entered in the Superior Court (York County, *Cole, J.*) granting Roland Jacques' motion to dissolve an *ex parte* attachment and attachment on trustee process. Foley asserts that the trial court committed error by failing to hold a testimonial hearing prior to ordering the dissolution and challenges the sufficiency of Jacques' affidavits in support of his motion for dissolution. Because we find no error or abuse of discretion, we affirm the judgment.

In December 1991, Jacques entered in a written contract with Foley in which Foley agreed to manage an apartment building Jacques owned in Biddeford. In exchange, Jacques agreed to provide Foley with a free apartment from December 26, 1991 to January 31, 1992, and to pay miscellaneous other expenses. In January 1992, Jacques executed two powers of attorney authorizing Foley to act on his behalf in the management of the apartment building. Foley alleged that the parties entered in a second contract in February 1992 in which Jacques agreed to pay her 10% of the rentals collected in addition to a free apartment. Jacques asserted that he never entered in any contract with Foley in February and instead, asserted the document introduced in evidence by Foley, purportedly memorializing the February agreement, was a fraudulent manipulation of the December contract. Foley also alleged that Jacques verbally agreed to pay her $300 per day, plus expenses, for her management services. Jacques denied ever agreeing to such an arrangement.

According to Jacques, Foley collected various rent payments from April until June and never deposited them into his account. He asserted that, even after he revoked the powers of attorney in May, Foley continued to collect rents that she failed to deposit in his account. He also alleged that Foley misappropriated various other monies including the proceeds of an insurance check.

Foley filed a complaint against Jacques for a breach of contract, *quantum meruit*, and slander as well as a motion for an *ex parte* attachment and attachment on trustee process in the amount of $20,000 with a supporting affidavit. The Superior Court granted this motion. Jacques filed an answer and counterclaim and moved to dissolve the attachment and attachment on trustee process. The court heard counsel on Jacques' motion to dissolve and allowed Foley to submit a memorandum in opposition to the motion. The court granted Jacques' motion to dissolve and Foley appealed.

■ An order granting, denying, or dissolving attachment, although interlocutory, is immediately appealable. *Northeast Investment Co. v. Leisure Living Communities, Inc.*, 351 A.2d 845, 849, 851 (Me. 1976). We review a trial court's decision on a motion to dissolve an attachment only for clear error or an abuse of discretion. *Beesley v. Landmark Realty, Inc.*, 464 A.2d 936, 937 (Me.1983).

■ Foley asserts that the trial court committed clear error by "failing to accord [her] the opportunity to present evidence at a hearing on the motion to dissolve." She relies on the language of M.R.Civ.P. 4A(h) which provides:

[T]he court *shall proceed to hear* and determine [a] motion [to dissolve] as expeditiously as the ends of justice require. *At such hearing* the plaintiff shall have the burden of justifying any finding in the ex parte order that the moving party has challenged by affidavit.

M.R.Civ.P. 4A(h) (emphasis added). This is our first opportunity to address the question whether the failure to hold a testimonial hearing on a motion to dismiss an order authorizing an *ex parte* attachment constitutes clear error.

"[A] motion to dissolve [an] *ex parte* attachment is treated as the equivalent of a contested motion for attachment after notice, with ... the party seeking attachment

having the burden of establishing by a preponderance of the evidence its entitlement to recovery of an amount equal to or greater than the amount of the attachment." *Trans Coastal Corp. v. Curtis,* 622 A.2d 1186, 1188–89 (Me.1993). Because of the analogous nature of contested motions after notice, we look to our decisions on the necessity of a testimonial hearing in those situations for guidance. In that context, we have held that:

> [A full testimonial] hearing would go far beyond anything required by [*Fuentes v. Shevin,* 407 U.S. 67, 97 n. 33, 92 S.Ct. 1983, 2002, 32 L.Ed.2d 556 (1972)] and would impose a pretrial burden on our trial courts beyond anything required by the revised attachment rules. The Superior Court acted within its discretion in rejecting any claim of right to a testimonial hearing on an attachment motion.

*General Commerce & Indus., Inc. v. Hillside Constr. Co.,* 564 A.2d 763, 765 (Me. 1989) (citation omitted); *see also Anderson v. Kennebec River Pulp & Paper Co.,* 433 A.2d 752, 754 n. 1 (Me.1981) ("M.R.Civ.P. 4A(c), requiring that the motion for attachment 'be supported by affidavit or affidavits,' contemplates a non-testimonial proceeding."); and *Atlantic Heating Co. v. Lavin,* 572 A.2d 478, 478–79 (Me.1990) ("had a hearing been conducted, the [appellants] could not have [insisted on the use of] oral testimony to replace or supplement the defective affidavit."). Moreover, Foley does not argue that the failure to hold a testimonial hearing denied her the opportunity to supplement her affidavit with additional affidavits that might have supplied the requisite facts. *Atlantic Heating,* 572 A.2d at 479. Given the strong evidence presented by Jacques against Foley without any suggestion that Foley was prevented from introducing further affidavits to support her position, the trial court's dissolution of Foley's *ex parte* attachment without a testimonial hearing was not clear error or an abuse of discretion.

We also reject, as meritless, Foley's contention that Jacques' affidavit was inadequate pursuant to M.R.Civ.P. 4A(i).

The entry is:

Judgment affirmed.

All concurring.