STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. CV-05-639

CHRISTINE SHERMAN,
Individually and as Personal
Representative of the Estate of
Beatrice Rush,

          Plaintiff,

v.                                                ORDER

RICHARD LORD,

          Defendant.


          Before the court is plaintiff's motion for an attachment. On this record, the

motion will be denied without prejudice for procedural reasons.

          A motion for an attachment must be supported by one or more affidavits

meeting the requirements of Rule 4A(i). See Lindner v. Barry, 2003 ME 91 ¶ 5, 828 A.2d

788, 790. In this case plaintiff has submitted a three paragraph affidavit in which she

states she has read the complaint, that she incorporates it in her affidavit, and that each

of the facts asserted is either true of her own personal knowledge or "so far as upon

information and belief, I have reason to believe and do believe it to be true."

          The problem with this is that the complaint contains 144 paragraphs, and many

of those paragraphs consist of legal or factual argument rather than evidentiary facts.

See, e.g., Complaint ¶¶ 95-100, 130-35, 137-40, 142-43. Even if the court were to limit its

scrutiny of the complaint solely to the assertions of fact contained therein, the complaint

and plaintiff's affidavit do not identify which factual assertions are based on personal

knowledge and which are based on information and belief.

In the court's view, this does not comply with Rule 4A(i). If conclusory statements such as those contained in plaintiff's affidavit were accepted, it would be a triumph of form over substance. In reading an affidavit, the court should not be required to guess which portions are on personal knowledge, which portions are on information and belief, and which portions constitute argument by counsel. Accordingly, the motion for attachment is denied without prejudice.

The court would add that plaintiff's reply memorandum seems to proceed under the mistaken impression that plaintiff has made a sufficient showing for a hearing and can remedy any defects at a hearing. See Plaintiff's Reply filed December 5, 2005 at 2. A hearing in the sense of oral argument is not required on a motion for attachment. See Southern Maine Properties Co., Inc. v. Johnson, 1999 ME 37 ¶ 8, 724 A.2d 1255, 1257; Atlantic Heating Co., Inc. v. Lavin, 572 A.2d 478, 479 (Me. 1990). The undersigned ordinarily does not set motions for oral argument because of the delays inherent in waiting for motion days to be set up, although requests for oral argument are honored to the extent possible. In any event, however, a hearing cannot be used to remedy deficiencies in an affidavit. See Atlantic Heating, 572 A.2d at 479 and cases cited therein.

It may be that plaintiff is entitled to an attachment, and plaintiff's motion is therefore denied without prejudice to renewal if properly supported by affidavit.

The entry shall be:

Plaintiff's motion for attachment is denied without prejudice. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December 15, 2005

Thomas D. Warren
Justice, Superior Court

2

Geoffrey Smith, Esq.--------------------Plaintiff
                                       All 3rd Party Defendants

Philip Mancini, Esq.--------------------Defendant