STATE OF MAINE
CUMBERLAND, ss.

BUSINESS & CONSUMER DOCKET
DOCKET NO. BCD-CV-18-26

SARAH K. SHED, PERSONAL　　　　)
REPRESENTATIVE OF THE ESTATE　)
OF JOEL D. DAVIS　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff　　　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
WILLIAM E. LOVELY and A.B.J.　　)
GENERAL CONTRACTOR, INC.,　　)
　　　　　　　　　　　　　　　　)
　　　　Defendants　　　　　　　)
　　　　　　　　　　　　　　　　)
_____)
　　　　　　　　　　　　　　　　)
WILLIAM E. LOVELY and A.B.J.　　)
GENERAL CONTRACTOR, INC.,　　)
　　　　　　　　　　　　　　　　)
　　　　Counter-Plaintiffs,　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
JOEL E. DAVIS,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Counter-Defendant　　　　)

ORDER  DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

## INTRODUCTION

Plaintiff Joel D. Davis[1] ("Davis" or "Plaintiff") filed an Amended Complaint against William Lovely ("Lovely") and A.B.J. General Contractor, Inc. ("A.B.J.") claiming breach of contract, breach of duties as a member of a limited liability company, breach of covenant of good faith and fair dealing, unjust enrichment, interference with advantageous business opportunity, intentional misrepresentation, negligent misrepresentation, fraud and seeking declaratory

---

[1] Sarah K. Shed, Personal Representative of the Estate of Joel D. Davis, has since been substituted as the Plaintiff in this matter.

judgment. Lovely and A.B.J. deny the allegations and filed a Counterclaim alleging breach of good faith and fiduciary duties, breach of contract, fraud, contribution, unjust enrichment, declaratory judgment unit pledge agreement, and declaratory judgment security interest in Lovely property. Davis subsequently filed a Motion for Summary Judgment[2] against Lovely[3] on Count I (Breach of Contract), Count II (Breach of Duty as Member of a Limited Liability Company), Count IV (Unjust Enrichment), Count VII(first) (Intentional Misrepresentation) and Count VII(third) (Fraud) of Davis' Complaint.[4] For the reasons discussed below, the Court denies Davis' Motion for Summary Judgment.

## UNTIMELINESS

Before embarking on a substantive review of Plaintiff's Motion, the Court addresses the untimeliness issue. The Motion is untimely, and filed in violation of the Scheduling Order deadlines and rules of the Business and Consumer Docket ("BCD"). By Order dated July 9, 2020, the Court denied Plaintiff's request for an extension of time to file a Motion for Summary Judgment. Accordingly, Plaintiff's Motion for Summary Judgment is denied as untimely and in violation of the Scheduling Order. Even if the Motion were timely, however, as discussed below, it would still be denied.

## STANDARD OF REVIEW

In deciding a motion for summary judgment under M.R. Civ. P. 56, the Court must determine whether: (1) a "separate, short, and concise statement of material facts" establishes that

[2] Although captioned a Motion for Summary Judgment, Plaintiff's Motion is actually a Motion for Partial Summary judgment, since the Motion seeks summary judgment on only some of his counts. Despite only seeking partial summary judgment, Plaintiff's Motion and accompanying materials are of unusual length and volume. Plaintiff's Motion to Allow a Longer [Reply] Memo is being denied this same date.
[3] The Motion for Summary Judgment addresses Counts that appear to only be pled against Lovely. A.B.J. is unrepresented and has not been participating in the litigation.
[4] Plaintiff's numbering of counts in the Complaint is erroneous and confusing. For instance, there is no Count V, but the Complaint contains three counts all designated Count VII.

"there is no genuine issue of material fact to be tried," (M.R. Civ. P. 56(h)(1)), and (2) each statement of material fact is supported by reference to the record and facts that would be "admissible in evidence." (M.R. Civ. P. 56(e)). Facts that are supported by record citations and are not "properly converted" are deemed admitted. M.R. Civ. P. 56(h)(4). *See Cash, LLC v. Kulas*, 2011 ME 70, ¶ 9, 21 A.3d 1015 ("A moving party's factual assertions may not be deemed admitted because of an improper response unless those factual assertions are properly supported.") Therefore, "[a]s the moving party with the ultimate burden of proof, [the plaintiff] bears the initial responsibility of demonstrating the absence of a genuine issue of material fact through a properly supported statement of material facts." *Id.* The plaintiff may support its assertions by providing supportive affidavits "made on personal knowledge, [setting] forth such facts as would be admissible in evidence, and [showing] affirmatively that the affiant is competent to testify to the matters stated therein." M.R. Civ. P. 56(e). The Law Court has noted that the rules "require that each statement of material fact must directly refer the court to 'the specific portions of the record from which each fact is drawn.'" *HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 9, 28 A.3d 1158 (quoting *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 9, 770 A.2d 653); *see also* M.R. Civ. P. 56(h)(3) ("The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by paragraph (4) of this rule.").

## FACTS

William E. Lovely ("Lovely") is President of A.B.J. General Contractor, Inc. ("ABJ"). (Supp.'g S.M.F. ¶ 1.) In 2011, Lovely became a co-owner of Northeast Meats, LLC. (*Id.* ¶ 4.) In early 2015, Davis and Lovely met and agreed to start a new meat processing company, Central

3

Maine Meats, LLC ("CMM") (*Id.* ¶ 14.) Thereafter, the relationship between and among Davis, Lovely, and CMM became extremely complicated and convoluted. The Court is unable to make any further findings of undisputed material facts, for two reasons. First, Plaintiff's statements of material facts suffer from multiple failures to comply with the requirements of M.R. Civ. P 56(h).[5] Second, the material facts are disputed by Lovely.

ANALYSIS

Plaintiff seeks summary judgment on five of the nine counts in his Complaint. The Court will address in turn each of the Counts for which Davis seeks summary judgment.

Count I: Breach of Contract

"A breach of contract claim accrues when the defendant breaches a contract," such as when the "contract fails to provide the bargained-for benefit." *York Cty. v. PropertyInfo Corp.*, 2019 ME 12, ¶ 18, 200 A.3d 803 (quotation marks omitted). To establish that there is a legally binding contract, Plaintiff must prove there was a meeting of the minds or mutual assent "to be bound by all the material terms of the contract." *Tobin v. Barter*, 2014 ME 51, ¶ 9, 89 A.3d 1088 (internal quotation and alteration omitted). To obtain relief for a breach, Plaintiff must show that there was a breach of a material term by Defendant, and this breach caused damages. *Id.* ¶ 10. In this case, Davis has failed to establish as a matter of undisputed fact what was promised in the alleged contract, and hence whether there was a meeting of the minds. Accordingly, Plaintiff's request for summary judgment on Count I is denied.

---

[5] The problems are too numerous to catalog, and so the Court only briefly summarizes some of the issues. In many instances, Plaintiff fails to comply with the requirement for separate, short, concise statements of material fact. The affidavits submitted by Plaintiff repeatedly fail to properly lay the foundation for admissible evidence. Plaintiff frequently relies on records that are hearsay, uncertified, contain unidentified persons' handwriting, or are incomplete. Plaintiff frequently fails to cite to the specific location of supporting material in the summary judgment record. In the face of this, the Court declines to sift through the large volume of material submitted by Plaintiff to find the relevant, admissible support in the summary judgment record. *See Allen v. St. Louis Public Service Co.*, 285 S.W.2d 663, 668 (Mo. 1956) ("It was certainly not the duty of the trial court to sift the wheat from the chaff.").

Count II: Breach of Duty as Member of a Limited Liability Company

Under Maine law, a member may be personally liable for monetary damages if the member "is found to not have acted honestly or in the reasonable belief that the action was in or not opposed to the best interests of the limited liability company or its members." 31 M.R.S. § 1559(2) (2019). In this case, Plaintiff has failed to establish as a matter of undisputed fact that Lovely acted dishonestly or without a reasonable belief that his actions were in the best interest of CMM. Accordingly, Plaintiff's request for summary judgment on Count II is denied.

Count IV: Unjust Enrichment

For Plaintiff to prevail on its claim for unjust enrichment, he must show that "'(1) it conferred a benefit on the other party; (2) the other party had appreciation or knowledge of the benefit; and (3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value.'" *Knope v. Green Tree Servicing, LLC*, 2017 ME 95, ¶ 12, 161 A.3d 696 (quoting *Maine Eye Care Assocs., P.A. v. Gorman*, 2008 ME 36, ¶ 17, 942 A.2d 707). In this case, Davis has failed to establish as a matter of undisputed fact that Lovely gained any unfair benefit through work performed by ABJ. Accordingly, Plaintiff's request for summary judgment on Count IV is denied.

Count VII(first) & Count VII(third)[6]: Intentional Misrepresentation and Fraud

Count VII(first) and VII(third) are closely related and have similar elements, and thus will be discussed together. Intentional misrepresentation is a form of fraud that occurs when a person:

(1) makes a false representation;
(2) of a material fact;
(3) with knowledge of its falsity or in reckless disregard of whether it is true or false;

---

[6] In the Complaint, there are three counts denominated Count VII. Plaintiff seeks summary judgment on the first and third of the three claims titled Count VII.

(4) for the purpose of inducing another to act or to refrain from acting in reliance on it; and

(5) the other person justifiably relies on the representation as true and acts upon it to the damage of the plaintiff.

*Drilling & Blasting Rock Specialists, Inc. v. Rheaume*, 2016 ME 131, ¶ 17, 147 A.3d 824 (footnote omitted) (quoting *Sherbert v. Remmel*, 2006 ME 116, ¶ 4 n.3, 908 A.2d 622). The elements of a fraud claim are essentially the same. *See Barr v. Dyke*, 2012 ME 108, ¶ 16, 49 A.3d 1280; *Efstathiou v. Aspinquid, Inc.*, 2008 ME 145, ¶ 15, 956 A.2d 110; *Rand v. Bath Iron Works Corp.*, 2003 ME 122, ¶ 9, 832 A.2d 771; *Brawn v. Oral Surgery Assocs.*, 2003 ME 11, ¶ 21, 819 A.2d 1014. For a party to establish fraudulent omission, the party must show:

(1) A failure to disclose;
(2) A material fact;
(3) Where a legal or equitable duty to disclose exists;
(4) With the intention of inducing another to act or to refrain from acting in reliance on the non-disclosure; and
(5) Which is in fact relied upon to the aggrieved party's detriment.

*N.E. Ins. v.* Young, 2011 ME 89, ¶ 19, 26 A.3d 794; *see also Dairyland Ins. Co. v. Sullivan*, No. 2:16-cv-00050-JDL, 2017 U.S. Dist. LEXIS 30116, at *4 (D. Me. Mar. 3, 2017) (listing the elements for fraudulent misrepresentation); *Randall v. Conley*, 2010 ME 68, ¶ 12, 2 A.3d 328. A fraud claim must be proven by clear and convincing evidence. *Flaherty v. Muther,* 2011 ME 32, ¶ 45, 17 A.3d 640.

In this case, Plaintiff alleges Lovely engaged in fraud and intentional misrepresentation in a great number of ways, both through affirmative acts and through material omissions. However, Davis has not established the elements of his misrepresentation and fraud claims as a matter of clear and convincing evidence. Further, Davis has failed to establish as a matter of undisputed fact that Lovely knowingly misrepresented various matters, such as how he would use the proceeds of bank loans, or intentionally omitted material facts. Accordingly, Plaintiff's request for summary

judgment on Count VII(first) and Count VII(third) is denied.

## CONCLUSION

For all of the foregoing reasons, including but not limited to untimeliness, Plaintiff's Motion for Summary Judgment is denied.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

So Ordered.


Dated: <u>August 11, 2020</u>           _____/s_____
                                        Michael A. Duddy
                                        Judge, Business and Consumer Court

BCD-CV-2018-26

*JOEL D. DAVIS*

*v.*

*WILLIAM E. LOVELY,*
*and ABJ GENERAL CONTRACTOR, INC.*

Party Name:                                             Attorney Name:

*Joel D. Davis*                          **Jed Davis, Esq.**
                                          Mitchell and Davis, P.A.
                                          26 Winthrop Street
                                          Augusta, ME 04330

*William E. Lovely and*                  PRO-SE
*A.B.J. General Contractor, Inc.*

| | |
|---|---|
| JOEL D. DAVIS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| WILLIAM E. LOVELY and A.B.J. | ) |
| GENERAL CONTRACTOR, INC., | ) |
| | ) |
| Defendants | ) |
| | ) |
| _____ | ) |
| | ) |
| WILLIAM E. LOVELY and A.B.J. | ) |
| GENERAL CONTRACTOR, INC., | ) |
| | ) |
| Counter-Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| JOEL E. DAVIS, | ) |
| | ) |
| Counter-Defendant | ) |

ORDER DENYING PLAINTIFF'S
MOTION FOR EXTENSION OF
TIME TO FILE MOTION FOR
SUMMARY JUDGMENT

## INTRODUCTION

Plaintiff Joel Davis ("Davis" or Plaintiff) filed an Amended Complaint against William Lovely ("Lovely") and A.B.J. General Contractor, Inc. ("A.B.J.") claiming breach of contract, breach of duties as a member of a limited liability company, breach of covenant of good faith and fair dealing, unjust enrichment, interference with advantageous business opportunity, intentional misrepresentation, negligent misrepresentation, fraud and seeking declaratory judgment. Lovely and A.B.J. denied the allegations and filed a Counterclaim alleging breach of good faith and fiduciary duties, breach of contract, fraud, contribution, unjust enrichment, and seeking declaratory judgments. In due course, the Court issued a Scheduling Order

1

setting deadlines, including the deadline for filing dispositive motions. One day before the deadline expired, Davis filed a Motion for an Extension of Time to file a motion for summary judgment. The Court reserved ruling on the Motion. For the reasons discussed below, the Court denies Plaintiff's Motion for an Extension of Time.

PROCEDURAL HISTORY

This is a dispute involving loan and business transactions. Case Management Scheduling Order No. 1 was issued on August 20, 2018. (Mulhern, J.) The Scheduling Order established May 22, 2019, as the deadline for filing dispositive motions. The Scheduling Order set a "Further Scheduling Conference" for February 2019, "prior to the above motion deadline," to establish dates and deadlines for the trial-related phases of the case. The Scheduling Order also advised that: "The parties shall not deviate from any of the deadlines or requirements in this Order or any modifications of this Order unless authorized by the court."

At the Further Scheduling Conference held on February 27, 2019 (Duddy, J.), the Court set the case for a bench trial in October 2019, and a Pretrial Conference in September 2019. Plaintiff's counsel made no mention of plans to file a motion for summary judgment. By Order dated March 26, 2019, the Court granted Plaintiff's motion for a one month extension of the discovery and dispositive motion deadlines. The discovery deadline was extended from April 22, 2019 to May 22, 2019; the deadline for filing dispositive motions was extended from May 22, 2019 to June 21, 2019.

By Order dated May 7, 2019, the Court denied Plaintiff's motion to extend the discovery deadline yet again, on the grounds that extending the discovery deadline would diminish settlement likelihood and delay the trial.

On June 19, 2019, two days before the deadline for filing dispositive motions, Davis filed a "Notice of Intent to File Motion for Summary Judgment." On June 20, 2019, Davis filed a Motion for Extension of Time to file a motion for summary judgment. The Motion for Extension of Time mentions the withdrawal of opposing counsel,[1] and references an affiant being ill. The Motion for Extension of Time does not, however, lay out or proffer any explanation for why the Motion for Summary Judgment could not be timely filed. On June 21, 2019, the Court explained that it was "reserving ruling on the motion" until after the status of Defendants' representation was resolved.

After some delay, Lovely began representing himself.[2] On August 20, 2019, without waiting for the Court to decide the Motion for an Extension of Time, and without waiting for a pre-filing conference pursuant to M.R. Civ. P. 134(b), Davis filed an extensive Motion for Summary Judgment. Despite being captioned a Motion for Summary Judgment, Davis' Motion is actually a Motion for Partial Summary Judgment, since the Motion seeks summary judgment on only some of Davis' counts.[3] And although only seeking partial summary judgment, Davis' Motion (with Statements of Material Facts, affidavits, and attachments) is over 1,000 pages long, not counting the Reply.[4]

On November 4, 2019, the Court issued Case Management Scheduling Order No. 2. As to the Deadline for Filing Dispositive Motions, the Court provided as follows:

> On June 19, 2019, with only two days left before the deadline for filing dispositive motions, Plaintiff submitted an intent to file motion for summary judgment. The notice left no time for the Court to conduct a Rule 134(b) conference before the deadline, and effectively undermined the purpose of the 14 day notice period.

[1] On June 20, 2019, counsel for Defendants filed a motion to withdraw.
[2] As a business entity, A.B.J. is not permitted to represent itself, and as a non-attorney, Lovely is unable to represent A.B.J. At the time of this Order, A.B.J. is unrepresented and not participating in the litigation.
[3] In other words, whether the Motion were to succeed or not, the case would still need to proceed to trial.
[4] This, in a case destined for a Bench trial, since no party paid a jury fee.

3

> Plaintiff thereafter filed a lengthy Motion for Summary Judgment, even though this is a Bench trial case. The Motion was also untimely, although Plaintiff timely filed a Motion to Extend the Deadline, which the Court reserved on. Defendants have until **November 25,** 2019, to file their Opposition. Unless otherwise ordered by the court, the court will hear oral argument on dispositive motions. Counsel should be prepared to advise the court on the desired location of oral argument.

By Order dated November 26, 2019, the Court enlarged to December 24, 2019, Lovely's deadline for Defendants to file their Opposition, in order to allow for mediation (which was planned for December 19, 2019). Lovely filed his Opposition on December 24, 2019. By docket entry dated January 2, 2020, the Court noted the mediation was unsuccessful and the case was unresolved.

On January 7, 2020, Plaintiff filed his Reply, which substantially exceeded the page limit. Along with his Reply (and not before), Plaintiff filed a Motion to Allow a Longer Memo. Shortly thereafter, the Court's civil docket was suspended for a matter of months due to the pandemic.

## STANDARD

For good cause shown, upon a timely filing of a request for an enlargement of time, the Court in its discretion may enlarge the deadline for taking required action. M.R. Civ. P. 6(b)(1). Where a request for enlargement of time is untimely, the Court in its discretion may enlarge the deadline for taking required action upon a showing of excusable neglect. M.R. Civ. P. 6(b)(2). In either scenario, the trial court has considerable discretion to grant or deny motions for an enlargement of time. *Gregory v. City of Calais*, 2001 ME 82, ¶ 9, 771 A.2d 383.

## ANALYSIS

The Motion for Summary Judgment's untimeliness in this case is not rescued by Davis filing a Motion for Extension of Time on the day before the filing deadline expired. Whether

the Motion for an Enlargement of Time is considered timely filed or not, is of no consequence in this analysis.[5] Davis has provided neither good cause nor excusable neglect for the late filing of his Motion for Summary Judgment.[6]

In the BCD, unless otherwise ordered by the Court, a party proposing to move for summary judgment must file a notice of intent at least fourteen days before filing the proposed motion. M.R. Civ. P. 134(b). The purpose of the rule is to give the Court an opportunity to discuss the proposed motion's parameters, including but not limited to the issues to be addressed and the length of the motion and supporting papers. *Id.* Summary judgment issues are ordinarily raised by counsel and discussed in the Further Scheduling Conference, but no such discussion occurred in this case. Instead, Plaintiff waited until two days before the deadline to file his notice of intent, but by that point there was no time prior to the expiration of the deadline for the Court to convene a Rule 134(b) conference. Plaintiff's Motion for an Enlargement of Time filed one day before the deadline was similarly too late, since it was not filed early enough to accommodate the Rule 134(b) conference.

The Motion for Summary Judgment and supporting papers that Davis ultimately filed are of unusual length, especially for a partial summary judgment in a jury waived case.[7] Moreover, as will be discussed in a separate order deciding the Motion for Summary

---

[5] In Case Management Scheduling Order No. 2, the Court mentioned that the Motion for an Extension of Time was timely, but all the Court meant was that it was filed the day before the dispositive motion deadline. Because the Motion for an Extension of Time was not filed early enough to give the Court the minimum fourteen day notice to set up a M.R. Civ. P. 134(b) conference before the deadline to file dispositive motions, the Motion for an Extension of Time was functionally untimely.

[6] Plaintiff's reference to the withdrawal of opposing counsel provides no reason why Plaintiff could not have timely filed. Similarly, Plaintiff's reference to the illness of one affiant does not rise to the level of good cause or excusable neglect.

[7] Indeed, it is unclear why Plaintiff went ahead and filed his Motion for Summary Judgment before the Court decided the Motion for an Extension of Time, especially because the Motion for Summary Judgment was filed *two months* after the deadline had expired, and without obtaining any guidance from the Court by way of a Rule 134(b) conference or even a status conference.

Judgment itself, the Statements of Material Fact fail to comply with certain of the rules governing summary judgment practice, and genuine issues of material fact remain. Motion practice in this case could have been improved by appropriately utilizing the Rule 134(b) process.

Accordingly, the Court denies Plaintiff's Motion for Extension of Time to file a motion for summary judgment.

The Clerk is instructed to enter this Order on the docket for this case, incorporating it by reference pursuant to Maine Rule of Civil Procedure 79(a).

So Ordered.

Dated:_ July 9, 2020____                    _____/s_____
                                            Michael A. Duddy
                                            Judge, Business & Consumer Court

*JOEL D. DAVIS*

*v.*

*WILLIAM E. LOVELY,*
*and ABJ GENERAL CONTRACTOR, INC.*

Party Name:                                    Attorney Name:

*Joel D. Davis*                         **Jed Davis, Esq.**
                                        Mitchell and Davis, P.A.
                                        26 Winthrop Street
                                        Augusta, ME 04330

*William E. Lovely and*               PRO-SE
*A.B.J. General Contractor, Inc.*

STATE OF MAINE
CUMBERLAND, ss.

BUSINESS & COUNSUMER DOCKET
DOCKET NO. CV-2018-26 ✓

JOEL D. DAVIS,                          )
                                        )
            Plaintiff                   )
                                        )
      v.                                )
                                        )
WILLIAM E. LOVELY and A.B.J.            )
GENERAL CONTRACTOR, INC.,              )
                                        )
            Defendants                  )        ORDER DENYING PLAINTIFF'S
                                        )        MOTION FOR PRE-JUDGMENT
                                        )        ATTACHMENT AND TRUSTEE
                                        )        PROCESS
        _____             )
                                        )
                                        )
                                        )
WILLIAM E. LOVELY and A.B.J.            )
GENERAL CONTRACTOR, INC.,              )
                                        )
            Counterclaim Plaintiff      )
                                        )
      v.                                )
                                        )
JOEL D. DAVIS,                          )
                                        )
            Counterclaim Defendant      )

Plaintiff filed a Complaint on December 3, 2018 against Defendants alleging Breach of Contract, Breach of Duties as a Member of a Limited Liability Company, Breach of the Covenant of Good Faith and Fair Dealing, Unjust Enrichment, Interference with Advantageous Business Opportunity, Intentional Misrepresentation, Negligent Misrepresentation and Fraud. Plaintiff has filed a Motion for Pre-Judgment Attachment and Trustee Process pursuant to M.R. Civ. P. 4A in connection with the Complaint, and that Motion is now pending before the Court. The Court has carefully reviewed Plaintiff's Motion and, for the reasons discussed below, the Court denies the Motion.

1

An attachment pursuant to M.R. Civ. P. 4A "may be ordered only if the court finds that it is 'more likely than not that the plaintiff will recover judgment in an amount equal or greater than the aggregate sum of the attachment.'" *Trans. Coastal Corp. v. Curtis*, 622 A.2d 1186, 1188 (Me. 1993) (quoting M.R. Civ. P. 4A(c)). The movant has the burden of making this showing, and must do so by providing affidavits that "set forth specific factual allegations, not merely conclusory statements, sufficient to warrant the required findings." M.R. Civ. P.4A(c), (i); *Connor v. Stitham*, 485 A.2d 659, 660 (Me. 1984). "The arguments of counsel cannot substitute for the required sworn statements of relevant facts." *Wilson v. DelPapa*, 634 A.2d 1252, 1254 (Me. 1993).

The Motion before the Court fails to meet the requirements set forth above and, therefore, must be denied. The Motion itself is abbreviated, lacks any legal argument, and fails to explain how or why Plaintiff satisfies his burden of proof. The affidavits presented by Plaintiff either merely refer to the Complaint, or contain short statements of facts that are not tied to any specific argument. The affidavit filed by Plaintiff's attorney is not the kind of affidavit that can be used to support a Motion for Attachment. The Court is therefore unable to evaluate whether there is a reasonable likelihood Plaintiff will succeed on the merits of the claims against the Defendants. Because Plaintiff has failed to meet his burden, the Court cannot grant the Motion.

For all the foregoing reasons, Plaintiff's Motion for Pre-Judgment Attachment and Trustee Process is denied.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

So Ordered.

2

Dated: 1-28-2019

Michael A. Duddy
Judge, Business and Consumer Docket

Entered on the Docket: 1-29-19
Copies sent via Mail ___ Electronically ✓

3