**Dianna H. JAMES**

v.

**Ronald HOOD**

v.

**Jefferson JAMES and Debra James.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 6, 1992.

Decided April 10, 1992.

Dennis Levandoski, Portland, for Dianna James.

Mary Ann E. Rousseau, Friedman & Babcock, Portland, for Ronald Hood.

Peter T. Marchesi, Wheeler & Arey, P.A., Waterville, for Debra James.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Ronald Hood, the defendant and third party plaintiff in this action, appeals the denial of his motion for attachment and trustee process against third party defendant Debra James. In denying Hood's motion, the Superior Court (Kennebec County, *Chandler, J.*) found that Hood failed to demonstrate a reasonable likelihood of suc-

cess on his third party complaint seeking contribution or indemnification. Finding no error or abuse of discretion, we affirm.

■ The plaintiff in this action, Dianna H. James, brought a complaint against Hood alleging that in 1988 she was injured when she was thrown into a swimming pool by Hood at his residence in Benton. In his answer, Hood denied throwing plaintiff into the pool and denied any liability for her injury. Hood filed a third party complaint against Jefferson James, plaintiff's father, and Debra James, plaintiff's sister, seeking contribution or indemnification against them should plaintiff recover judgment against him. In his third party complaint, Hood alleged that third party defendants, and not Hood, were responsible for pushing plaintiff into the pool. Hood moved for approval of attachment and trustee process against the third party defendants[1] in the amount of $30,000. The court denied the motion stating that it was not persuaded that there was a reasonable likelihood of success on the merits of the third party claim.[2] Hood has appealed that denial.[3]

Attachment may be made on a third party complaint. *See* 14 M.R.S.A. § 4101 (1980); M.R.Civ.P. 4A(d), 4B(f). Approval of attachment or trustee process may be granted by the court, however, only upon a finding based on specific facts set forth by affidavit "that there is reasonable likelihood that the [third party] plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment" over and above insurance or other security available to satisfy the judgment. M.R.Civ.P. 4A(c); *see also* M.R.Civ.P. 4B(c).

■ Although the standard of proof required is relatively low,[4] when a third party complaint seeks an attachment, a double contingency is involved. First, the court has to find that there is a reasonable likelihood that the defendant-third party plaintiff will become liable to the plaintiff in an amount equal to or greater than the amount of attachment sought against a third party defendant. Second, the court must also find that there is a reasonable likelihood that the amount sought to be attached by the defendant-third party plaintiff will be recoverable as contribution or indemnification against a particular third party defendant.

Hood has absolutely denied any liability to plaintiff for her injuries, and has brought a third party action against third party defendants for contribution or indemnification. In such circumstances, the court was not compelled to be persuaded that it is reasonably likely that plaintiff will secure a judgment against Hood in an amount of $30,000 or more, and that Debra James, in turn, will be found responsible to contribute to or indemnify Hood in that amount. *See Atlantic Heating Co. v. Lavin*, 572 A.2d 478, 479 (Me.1990).

The entry is:

Judgment affirmed.

All concurring.

---

1. Because third party defendant Jefferson James did not receive proper notice of the hearing on the motion, the court heard only the motion against Debra James. *See* M.R.Civ.P. 4A(c), 4B(c).

2. The court was also unpersuaded as to the $30,000 amount sought in the motion for attachment.

3. An immediate appeal of an order granting or denying an order of attachment is allowable as an exception to the final judgment rule. *Casco Northern Bank, N.A. v. Moore*, 583 A.2d 697,

698–99 (Me.1990); *Barrett v. Stewart*, 456 A.2d 10, 11 n. 1 (Me.1983).

4. M.R.Civ.P. 4A(c) and 4B(e) have been amended to change the reasonable likelihood of success standard to one of proof by a preponderance of the evidence. Effective February 15, 1992, before an attachment or trustee process can be approved, the court must find that the moving party will succeed on his or her claim by a preponderance of the evidence. See M.R.Civ.P. 4A(g), 4B(i), Me.Rptr., 599 A.2d XCIX, CIV.