Brenda O. BOISVERT

v.

Peter E. BOISVERT, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 21, 1996.

Decided March 7, 1996.

Sandra Hylander Collier, Ferm, Collier & Larson, Ellsworth, for Plaintiffs.

Christopher R. Largay, Bangor, Kyle W. Jones, Ronald G. McMullen, Ellsworth, for Defendants.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

Defendants Leo Boisvert, Pierrette Boisvert, Edward Corbett, and Geraldine Corbett appeal from an order entered in the Superior Court (Hancock County, *Marsano, J.*) for attachment and trustee process in the amount of $45,000 against them and nonappealing defendants Peter E. Boisvert, Susan C. Boisvert, Greenwater Enterprises, Inc., and Paul Boisvert. The order of attachment and trustee process is based on a finding by the court that it is more likely than not that the plaintiff, Brenda O. Boisvert, will recover a judgment against them in an amount equal to or greater than $45,000. Because the evidence does not support such a finding against the appealing defendants, we vacate the order as it applies to them.

In January of 1994, Brenda Boisvert brought an action in the Superior Court against Peter Boisvert, his wife Susan Boisvert, Greenwater Enterprises, Inc., Paul Boisvert (Brenda's former husband), and the appealing defendants. Her five-count complaint alleges breach of contract and breach of fiduciary duty, and seeks damages, a part-nership accounting, and a corporate dissolution, as well as an injunction requiring the defendants to pay debts incurred by Brenda.

Brenda's complaint alleges that in February of 1986 she and Paul Boisvert (then her husband) entered in an agreement with Peter Boisvert, Susan Boisvert, and Greenwater Enterprises, pursuant to which Brenda and Paul were promised an ownership interest in the Moorings, a Southwest Harbor restaurant, as well as employment at the restaurant in exchange for their investment of $25,000. Brenda further alleges that she borrowed the money for the investment by taking out a mortgage on her property; that part of the agreement was that the payments on the mortgage would be made by the business; that she advanced additional funds to the restaurant business through the use of her own credit cards; that the agreement was breached because she was ejected from the premises and not allowed to work there; and that the payments to the bank and on her credit cards were not made as promised. The complaint also alleges that the bank balance currently exceeds $22,200, and the credit card balance is in excess of $17,600. In addition, the complaint alleges that the appealing defendants became partners in the business sometime after 1986. The allegations were denied by the defendants.

Brenda moved for a summary judgment on all counts of her complaint and for an order of attachment and trustee process. After a hearing, the court entered a summary judgment in Brenda's favor on the claim for breach of contract,[1] and granted the motion for attachment and trustee process against the property of all the defendants, jointly and severally, in the amount of $45,000. This appeal followed.[2]

We review an order for attachment or trustee process for an abuse of discretion or clear error. *Wilson v. DelPapa*, 634 A.2d

---

1. Because of the final judgment rule, the underlying summary judgment is not reviewable in this appeal of the order of attachment and trustee process. We note, however, that in its order granting a summary judgment on the breach of contract count of Brenda's complaint, the trial court states that it "finds as a matter of *fact* that there was an agreement" between the parties.

That the court resolved factual issues that appear to be material and in dispute would appear to be inconsistent with the provisions of M.R.Civ.P. 56.

2. Orders of attachment or trustee process are immediately appealable as an exception to the final judgment rule. *Wilson v. DelPapa*, 634 A.2d 1252, 1253 (Me.1993).

1252, 1253 (Me.1993). M.R.Civ.P. 4A and 4B allow for attachment and trustee process of property if "such attachment [is] for a specified amount" and if there is "a finding by the court that it is more likely than not that the plaintiff will recover judgment ... in an amount equal to or greater than the aggregate sum of the attachment...."[3]

Motions for attachment must be supported by affidavit evidence that "shall set forth specific facts sufficient to warrant the required findings...." M.R.Civ.P. 4A(c), (i). A trial court entertaining a motion for attachment reviews and assigns weight to affidavit evidence in the same manner that it does with other evidence, and its findings will not be disturbed by this Court unless there is no competent evidence to support a finding as to the plaintiff's likelihood of success. *Wilson*, 634 A.2d at 1254.

In support of her motion for attachment and trustee process, Brenda submitted a copy of the complaint, her affidavit, sworn deposition testimony of the parties' accountant, Maurice J. McIsaac, as well as certain documentary exhibits related to the ownership and management of Greenwater Enterprises. The court also heard the testimony of Brenda and Peter at a hearing on the motions. We agree with the appealing defendants that that evidence does not support the trial court's findings as to the likelihood of Brenda's success against them in her breach of contract claim.

Brenda alleges that she was approached by and negotiated the agreement with Peter Boisvert. The sole reference to the appealing defendants in Brenda's complaint is found in Paragraph 9, which states: "Subsequent to 1986, Defendants Leo Boisvert and Pierrette Boisvert, and Defendants Edward Corbett and Geraldine Corbett also became partners in [the restaurant] together with Plaintiff and Defendants Peter E. Boisvert, Susan C. Boisvert, Paul Boisvert and Green-

water Enterprises, Inc." The appealing defendants are nowhere mentioned in Brenda's motion for attachment and trustee process or in her supporting affidavit. Nor are they named in Brenda's motion for a summary judgment.

Although there are brief references to the appealing defendants in the deposition of the parties' accountant, such references are not probative as to the existence or nature of any agreement involving Brenda and them. Moreover, there is no evidence establishing that a partnership agreement existed between the appealing defendants and Peter Boisvert. In the transcript of the motions hearing, the only references made to the defendants are Brenda's statements: (1) that at the time of the alleged agreement she made with Peter, Brenda believed he was negotiating on behalf of all named defendants; (2) regarding the various ownership percentages of the business;[4] and (3) that she believed that Leo Boisvert and Pierrette Boisvert had, like her, made investments in the business.

Although it is true that joint and several liability may result when two or more parties are liable under a single contract, *Restatement (Second) of Contracts* § 289 (1981), nowhere does Brenda provide actual evidence as to the appealing defendants' involvement with, agreement to, or liability under any contract or agreement regarding her investments in the restaurant.

Brenda's general, unsubstantiated allegations of liability on the part of the appealing defendants for breach of a contract are inadequate to establish grounds for attachment and trustee process under a preponderance of the evidence standard. *Trans Coastal Corp. v. Curtis*, 622 A.2d 1186, 1189 (Me. 1993).

The entry is:

---

3. M.R.Civ.P. 4A and 4B have been amended to change the former reasonable likelihood of success standard to one of proof by a preponderance of the evidence. *See James v. Hood*, 606 A.2d 195, 196 n. 4 (Me.1992).

4. Plaintiff's Exhibit No. 1, admitted at the motions hearing, is a copy of the minutes of a

meeting of the stockholders and officers of Greenwater Enterprises held on December 31, 1986. The document lists the appealing defendants as minority shareholders. Brenda has presented no evidence, however, that would justify imposing liability on the appealing defendants for any corporate debts.

Order approving attachment and trustee process vacated as to defendants Leo Boisvert, Pierrette Boisvert, Edward Corbett, and Geraldine Corbett.

All concurring.