**Barbara PLOURDE**

v.

**Laurier PLOURDE, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 17, 1996.

Decided June 17, 1996.

---

Michael J. Donlan, Verill & Dana, Kennebunk, for Plaintiff.

Thomas B. Wheatley, Portland, for Defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, and LIPEZ, JJ.

CLIFFORD, Justice.

Linda Morin and Tide–Beach, Inc. (Morin) appeal from the order entered in the Superior Court (York County, *Crowley, J.*) denying Morin's motion for amendment or reconsideration of her motion for dissolution of the attachment, trustee process, and temporary restraining orders entered against Morin and her husband, Laurier Plourde, in favor of Barbara Plourde. Morin contends, *inter alia,* that the court erred or abused its discretion by acting *ex parte* on Barbara's original motions for attachment, trustee process, and a temporary restraining order, and by concluding that the *ex parte* issue became moot when the court heard Morin's motion to dissolve the orders. Concluding that the court neither committed error nor abused its discretion in issuing the orders of attachment and trustee process, we affirm those orders. Because the temporary restraining order is not within the collateral order exception to the final judgment rule, however, we decline to entertain the appeal from that order.

Sometime in the early 1970s, Barbara and Laurier Plourde opened Lisa's Pizza in Old Orchard Beach. The restaurant became quite successful and, as other locations were opened, it eventually was incorporated as Lisa's Pizzas, Inc., with Barbara and Laurier each owning fifty percent of the business. In 1991, Laurier filed for a divorce from Barbara. During this period, the business had financial difficulties and eventually filed a petition in bankruptcy.[1] As part of the order pending divorce, Laurier was ordered to pay Barbara $750 per week in temporary support.[2] This action arises out of Barbara's

---

1. Barbara and Laurier also filed individual petitions in bankruptcy.

2. Laurier's support payments to Barbara ceased after he and his then girlfriend, Linda Morin, were served by Barbara with deposition notices

contention that Laurier fraudulently transferred the pizza business to his new wife, Linda Morin, for the purpose of avoiding support payments owed by Laurier to Barbara pursuant to the divorce judgment.

During the pending divorce proceedings, Laurier formed Lar–Pop, Inc., which subsequently assumed the control and operation of Lisa's Pizza. The divorce judgment, dated April 15, 1993, adjudged Lar–Pop, Inc. to be wholly marital property. As part of its findings, the court determined the business's fair market value to be $200,000. Laurier was ordered to pay Barbara lump sum alimony of $25,000 as well as periodic alimony in the amount of $1,600 per month beginning on April 1, 1993. In addition, by an amendment to the divorce judgment, the temporary support order, then reflecting Laurier to be in arrears in the amount of $25,500, was incorporated by the court into the divorce judgment. Laurier since has been adjudged in contempt of the divorce judgment on five separate occasions, and now is estimated by Barbara to be in arrears in his support obligations to her in excess of $89,000.

On March 24, 1993, Morin formed a corporation, Tide–Beach, Inc., whose sole shareholder is the Linda Morin Trust. Sometime after the formation of this corporation, Tide–Beach assumed control of Lisa's Pizza. Laurier concedes that no consideration was paid for the transfer of the business to Tide–Beach. The business has since April 10, 1993, been operated by Morin's corporation. Morin contends that all equipment used at the leased pizza stand in Old Orchard Beach was bought by her through her own funds, and that nothing, save for the business's sign, was transferred by Laurier to her when she took over the business. The business continues to be operated virtually in the same manner and with virtually the same employees as when Barbara and Laurier operated it. Although Laurier initially was hired by Morin to manage the business, she claims that he has had no involvement with it since their marriage.

Barbara brought an action against Laurier, Morin, and Tide–Beach, Inc., d/b/a Lisa's

Pizza, seeking damages for, *inter alia*, the fraudulent transfer of Lisa's Pizza. As part of that litigation, Barbara obtained, *ex parte*, an order for attachment and trustee process against Laurier, Morin, and Tide–Beach. She additionally obtained a temporary restraining order prohibiting the defendants from transferring or affecting the viability of the business, and requiring Tide–Beach to provide a weekly accounting of the business's receipts and expenditures. As a result of the court's orders, Tide–Beach's payroll account at Key Bank was attached.

Morin moved for the dissolution of the *ex parte* attachment, trustee process, and temporary restraining orders. Following a hearing, the court denied the motion, determining that Barbara continued to satisfy the more likely than not standard for attachment and trustee process, and finding that she also demonstrated a strong likelihood of recovery on the motion for a temporary restraining order. The court additionally found that good cause was shown to waive the requirement that Barbara post security for the temporary restraining order. *See* M.R.Civ.P. 65(c). Morin then filed a motion for amendment or reconsideration of the dissolution motion, as well as a motion for findings and, in the alternative, for a stay pending appeal. The motion for amendment or reconsideration was denied by the court, the motion for findings was denied by the court as untimely, and the motion for a stay was denied by the court as premature. This appeal followed.

■ We review an order for attachment or trustee process for an abuse of discretion or clear error. *Boisvert v. Boisvert*, 672 A.2d 96, 97 (Me.1996) (citing *Wilson v. DelPapa*, 634 A.2d 1252, 1253 (Me.1993)). Such orders are immediately appealable as exceptions to the final judgment rule. *Boisvert*, 672 A.2d at 97 n. 2. Attachment and trustee process of property may be made if "such attachment [is] for a specified amount" and if there is "a finding by the court that it is more likely than not that the plaintiff will recover judgment, ... in an amount equal to or greater than the aggregate sum of the attach-

---

as part of her action against Laurier for the fraudulent transfer of Lisa's Pizza. Laurier re-

portedly stated to Barbara that in retaliation for her action he would not pay her any support.

ment. . . ." M.R.Civ.P. 4A(c) & 4B(c). Motions for attachment must be supported by affidavit evidence that "shall set forth specific facts sufficient to warrant the required findings. . . ." M.R.Civ.P. 4A(c), (i). "A trial court entertaining a motion for attachment reviews and assigns weight to affidavit evidence in the same manner that it does with other evidence, and its findings will not be disturbed by this Court unless there is no competent evidence to support a finding as to the plaintiff's likelihood of success." *Boisvert*, 672 A.2d at 98 (citing *Wilson*, 634 A.2d at 1254).

■ Morin contends that the court erred by acting *ex parte* on Barbara's motion because Barbara failed to set forth specific facts to meet the requirements of Rule 4A(i), and that no evidence exists to serve as a basis for the court's finding that, if notified in advance, she would remove, conceal, or destroy property. Because a hearing was held on Morin's motion to dissolve the attachment, this issue is moot. *Herrick v. Theberge*, 474 A.2d 870, 876 n. 2 (Me.1984). In *Herrick*, we declined to review an appeal following a dissolution motion hearing of whether a satisfactory reason existed for the court to have proceeded *ex parte* on a motion for trustee process and attachment. We noted the curative power of a defendant to "turn the dissolution hearing into the full equivalent of a hearing on a motion under M.R.Civ.P. 4A[ ][g] for approval of attachment with notice and opportunity to be heard." *Herrick*, 474 A.2d at 876 n. 2. Such was the case here.

As in *Herrick*, the defendants in this case had full notice, opportunity, and a hearing, with the burden of proof remaining on the plaintiff, to argue their positions with respect to the attachment and trustee process. Represented by counsel, Morin at that time presented affidavits to the court in opposition to the attachment. The hearing thus was in essence a rehearing of Barbara's original motion for attachment, trustee process, and a restraining order, *see Herrick*, 474 A.2d at 876, rendering moot Morin's claim that the order should not have been issued *ex parte*.

■ Moreover, there was sufficient evidence to support the order of attachment: the record discloses that no consideration was rendered between Laurier and Morin, the business has continued to operate in a similar manner, Laurier has engaged in deceptive business practices before, and the transfer occurred just days after the divorce court determined the business's fair market value to be $200,000. Barbara alleges, and the court noted in its findings following the hearing on the divorce complaint, that Laurier told her that she never would collect her alimony payments from him and that, if necessary, he would hide his assets. She additionally claims, and Laurier has conceded in part, that he in the past has diverted cash from Lar–Pop, Inc., d/b/a Lisa's Pizza, for his personal use.[3] Such factual allegations support Barbara's theory that the Uniform Fraudulent Transfer Act, 14 M.R.S.A. §§ 3571–3582 (Supp.1995), is applicable to this case.

■ Morin also appeals from the denial of her motion to dissolve the temporary restraining order, which was treated by the court and the parties as a preliminary injunction, *see* M.R.Civ.P. 65. Appeals to this Court generally lie only from a final judgment; interlocutory orders are not immediately appealable unless they fall within a recognized exception to the final judgment rule. *Department of Envt'l Protection v. Emerson*, 563 A.2d 762, 765 (Me.1989) (citations omitted). We have, however, permitted interlocutory appeals when "substantial rights of a party will be irreparably lost if review is delayed until final judgment." *Emerson*, 563 A.2d at 766 (citation omitted).

■ Although the injunction issued by the court does contain both prohibitory and mandatory provisions—it restrains the defendants from taking actions that affect the viability of Lisa's Pizza and requires them to file a weekly accounting with the court—unlike the situation in *Emerson*, it actually is

---

3. At the divorce trial, Laurier admitted to having diverted $30,000 from the business in order to hide money from creditors, and that he forged Barbara's name in order to obtain proceeds from her retirement plan and her life insurance policy.

designed to preserve the status quo. In *Emerson,* the defendant faced the affirmative requirement of bringing his tire storage and disposal business into compliance with Maine's environmental regulations, a substantial and expensive undertaking. Here, the injunction applies to Morin in a way that does not injure her, or result in a substantial loss of her rights should this Court's review be delayed until a final judgment is rendered. *Emerson,* 563 A.2d at 766; *Myerowitz v. Howard,* 507 A.2d 578, 580 (Me.1986). Accordingly, because the order is interlocutory, we decline to review it.

The entry is:

Judgment affirmed.

All concurring.