STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2005 FEB -1  P 1: 04

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-520

Fred Amey,
      Plaintiff

v.

ORDER

Gary Coccoluto, Orcutt Associates, P.A.,
      Defendant

DONALD L.
GARBRECHT

FEB 7 2005

This case comes before the Court on Plaintiff Fred Amey's Motion for Attachment and Trustee Process.

## FACTS

In 2000, Plaintiff Fred Amey (Plaintiff) moved from New York to Maine to begin work at an architectural planning and design firm, Orcutt Associates, P.A. (Orcutt). Plaintiff made the move at the invitation of Gary Coccoluto (Coccoluto) who worked at Orcutt. Orcutt's owners were planning to leave the firm and Coccoluto was buying a substantial interest in it. Plaintiff and Coccoluto worked together until June 2004, when disagreements about Plaintiff's compensation, ownership, and role within Orcutt became pronounced, and Plaintiff left Orcutt.

In his Complaint, Plaintiff alleges he and Coccoluto entered an agreement whereby Plaintiff would leave his former employment, move to Maine, and become Coccoluto's partner at Orcutt. Plaintiff charges Defendant Coccoluto with breach of the alleged partnership agreement (Count I), breach of a fiduciary duty to deal with Plaintiff in good faith and honestly (Count II), inducing

Plaintiff's reliance on promises of a partnership (Count III), and intentional misrepresentation (Count IV). Plaintiff asks for an equitable accounting of the alleged partnership assets (Count V) and its dissolution (Count VI). Plaintiff also asks for unpaid wages for his work on May 31, 2004 (Count VII).

Pursuant to Rule 4A and 4B of Maine Rules of Civil Procedure, Plaintiff requests an attachment and trustee process against Defendant Orcutt in the amount of $178,000, which Plaintiff supports with his own affidavit.

## DISCUSSION

Rules 4A and 4B state that an attachment and trustee process may be ordered if the court finds it is "more likely than not that the plaintiff will recover judgment, including interests and costs, in an amount equal to or greater than the aggregate sum of attachment . . .." M.R. Civ. P. 4A(c). Motions for attachment must be supported by affidavits that "set forth specific facts sufficient to warrant the required findings and shall be upon the affiant's own knowledge, information or belief . . .." M.R. Civ. P. 4A(i). In a motion for attachment, the trial court "reviews and assigns weight to affidavit evidence in the same manner it does with other evidence." *Boisvert v. Boisvert*, 672 A.2d 96, 98 (Me. 1996). Thus a plaintiff's "general, unsubstantiated allegations of liability on the part of . . . defendants for breach of contract [were] inadequate to establish grounds for attachment and trustee process under a preponderance of the evidence standard." *Id.* Affidavits may include evidence that allows the court to make reasoned "informed projections" about the amount of damages the plaintiff will probably recover. *Wilson v. DelPAPA*, 634 A.2d 1252, 1255 (Me. 1993).

Here the Plaintiff submits only his own general, unsubstantiated allegations that he had a partnership contract with Coccoluto and Orcutt. He

includes no copies and does not attest to specific communications or writings between the parties referring to the alleged agreement, no affidavits of third parties attesting to the agreement, nor any evidence setting forth the substance and circumstances surrounding the parties' negotiations, agreement and the Defendants' alleged breach. Plaintiff also presents no evidence supporting his likely recovery in the amount of $178,000 or more that would allow this court to make an informed projection about eventual damages.

Under a preponderance of the evidence standard, Plaintiff has failed to meet his burden of setting forth specific facts sufficient to warrant the required findings that it is more likely than not that he will recover a judgment equal or greater than $178,000. Attachment and trustee process must be denied.

Plaintiff Fred Amey's Motion for Attachment and Trustee Process is **DENIED.**

Dated_____February 1, 2005

Roland A. Cole
Justice, Superior Court

JAMES BILLINGS ESQ
PO BOX 4630
PORTLAND ME 04112



ADRIENNE HANSEN ESQ
PO BOX 7060
PORTLAND   ME 04112