MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2016 ME 88
Docket:        Cum-15-298
Argued:        April 7, 2016
Decided:       June 7, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

ESTATE OF STEVEN SUMMERS et al.

v.

GREGORY NISBET

GORMAN, J.

[¶1]  The Estate of Steven Summers appeals from an order entered in the Superior Court (Cumberland County, *Mills, J.*) dissolving the attachment that it had received on an ex parte basis in connection with its complaint against Gregory J. Nisbet in December of 2014 and granting a new attachment after a hearing.  The Estate of Summers contends that the court erred by concluding that the Estates of Ashley E. Thomas, Nicole Lyn Finlay, David R. Bragdon, and Christopher Conlee had standing to challenge its attachment order, and by dissolving the December 2014 attachment order and issuing a new attachment order.  We affirm the court's confirmation of the attachment held by the Estate of Summers, but vacate the order to the extent that it dissolved the attachment issued

after ex parte process and declined to effectuate that attachment as of its original date of entry.

## I. BACKGROUND

[¶2] This consolidated matter stems from multiple complaints filed against Nisbet, the owner of an apartment building where several people died in a fire on November 1, 2014. Between November of 2014 and January of 2015, the estates of five of the people who died in the fire filed complaints in the Superior Court: (1) on November 21, 2014, Ashley Summers filed, individually and on behalf of her children and the Estate of Steven Summers; (2) on January 6, 2015, Nikki J. Thomas and Louis W. Thomas Jr. filed on behalf of the Estate of Ashley E. Thomas; (3) on January 20, 2015, Lisa Leconte Mazziotti filed on behalf of the Estate of Nicole Lyn Finlay; (4) on January 21, 2015, David R. Bragdon Sr. and Pamela B. Rhodus filed on behalf of the Estate of David R. Bragdon; and (5) on January 30, 2015, Kathleen Conlee filed on behalf of the Estate of Christopher Conlee. All five complaints allege various causes of action for wrongful death and pain and suffering based on similar facts—that the property was in a state of general disrepair, there were no working smoke detectors on the property, a second means of egress (a back staircase) was impassable, the building contained an illegal third-floor apartment, the property violated various fire codes, and Nisbet allowed the storage of combustible materials on the property.

[¶3]   With its complaint, filed several weeks before any of the other plaintiffs', the Estate of Summers sought an order for attachment and trustee process, alleging that this protection should be granted to it on an ex parte basis. The court (*Wheeler, J.*) granted the requested attachment and trustee process against Nisbet—on an ex parte basis—in the amount of $1.7 million on December 3, 2014.  After he received notice of the court's order, Nisbet took no action to challenge the attachment.

[¶4]  In addition to their complaints, the Estates of Bragdon, Conlee, Finlay, and Thomas (the four Estates) each moved for attachment and trustee process. Nisbet did not oppose any of those attachment requests, but they had not yet been granted when, in February of 2015, the four Estates also moved in the Summers matter to dissolve or modify the Estate of Summers's attachment order on grounds that the Estate of Summers had not made the required showing to obtain the attachment on an ex parte basis.  The Estate of Summers opposed the motions, but Nisbet did not.

[¶5]   After a hearing, the court dissolved the attachment the Estate of Summers had received in December, determining that it should not have been issued on an ex parte basis, and simultaneously granted attachments in favor of the Estates of Summers ($1.7 million), Thomas ($2 million), Finlay ($1.7 million),

Bragdon ($4 million), and Conlee ($2 million).[1]  The court later denied the Estate

of Summers's motion for reconsideration, as well as the request for relief pursuant

to M.R. Civ. P. 60(b) filed by the Estates of Bragdon, Finlay, and Conlee based on

the order of priority of the interests in Nisbet's property.  The Estate of Summers

timely appeals.[2]

## II.  DISCUSSION

[¶6]  Because the court's orders resulted in a loss of priority status for its

attachment, the Estate of Summers challenges the court's decision dissolving the

order of attachment and trustee process that had been issued in December of 2014

on an ex parte basis.[3]  The attachment statute, 14 M.R.S. §§ 4101-4613 (2015),

generally sets out what types of real and personal property may be attached on

*mesne* process and "held as security to satisfy the judgment for damages and costs

which the plaintiff may recover."  14 M.R.S. § 4151 (as to personal property); *see*

14 M.R.S. § 4451 (as to real property).  Maine Rule of Civil Procedure 4A(c)

---

[1]  Over the Estate of Summers's objection, the court consolidated the five cases on May 15, 2015.

[2]  The Estate of Thomas has filed an appellee's brief in this appeal, joined by the Estate of Bragdon. Nisbet, the Estate of Finlay, and the Estate of Conlee are not participating in the appeal.

[3]  Attachment orders are immediately appealable pursuant to the collateral order exception to the final judgment rule.  *See Centrix Bank & Trust v. Kehl*, 2012 ME 52, ¶ 13, 40 A.3d 942; *cf. Mitchell v. Lavigne*, 2001 ME 67, ¶ 6, 770 A.2d 109 (requiring a party to seek dissolution or modification of an attachment before instituting an appeal).

dictates the standard and procedure by which an attachment may ordinarily be obtained:[4]

> No property may be attached unless such attachment for a specified amount is approved by order of the court. Except as provided in subdivision (g) of this rule, the order of approval may be entered only after notice to the defendant and hearing and upon a finding by the court that it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment and any liability insurance, bond, or other security, and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment.

> An attachment of property shall be sought by filing with the complaint a motion for approval of the attachment. . . .

Thus, whether a party will receive an attachment depends on the party's proof, by a preponderance of the evidence, of both the likelihood of success in the underlying suit and the likelihood of recovering in that amount or greater. *Boisvert v. Boisvert*, 672 A.2d 96, 98 n.3 (Me. 1996).

[¶7] None of the parties, including Nisbet, now challenges—or has ever challenged—any of the five Estates' entitlements to attachment orders pursuant to the two-part standard set out in Rule 4A(c); that is, there is no dispute that all five Estates have established their likelihoods of success against Nisbet in certain

---

[4] In almost identical terms, trustee process is governed by 14 M.R.S. §§ 2601-3105 (2015) and M.R. Civ. P. 4B. Because the standards applicable to attachment and trustee process are the same, our discussion of attachment applies equally to trustee process. *See* 2 Harvey & Merritt, *Maine Civil Practice* § 4B:1 at 288 n.1 (3d, 2014-2015 ed.) (noting that "trustee process is considered a form of attachment" (alteration omitted) (quotation marks omitted)).

6

amounts. Rather, before the trial court, the four Estates purported to challenge the Estate of Summers's entitlement to obtain priority through the attachment order entered on an ex parte basis.

[¶8]  When a plaintiff seeks to obtain an attachment order on an ex parte basis, Rule 4A(g) requires the plaintiff to establish the same likelihood of success as with an attachment pursuant to Rule 4A(c), but also requires the plaintiff to establish that "there is a clear danger that the defendant if notified in advance of attachment of the property will remove it from the state or will conceal it or will otherwise make it unavailable to satisfy a judgment" or that "there is immediate danger that the defendant will damage or destroy the property to be attached." M.R. Civ. P. 4A(g); *see Fuentes v. Shevin*, 407 U.S. 67, 82 (1972) (stating that due process requires notice and a hearing before depriving a person of a property interest, "except for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event" (quotation marks omitted)).  It is this third requirement that allows a plaintiff seeking an attachment to obtain relief with an "extraordinary" process that permits the bypass of what otherwise is required, i.e., notice to the other party or parties.

[¶9]  Rule 4A also provides the mechanism for challenging an attachment order that has been issued on an ex parte basis; it allows that "any person having an interest in the property that has been attached" may, "without thereby submitting to

the personal jurisdiction of the court, . . . move the dissolution or modification of the attachment."[5]  M.R. Civ. P. 4A(h).  In such instances, Rule 4A(h) requires the court to provide notice and a hearing at which it is the plaintiff's burden to "justify[] any finding in the ex parte order that the moving party has challenged by affidavit."  M.R. Civ. P. 4A(h).

[¶10]  We have already evaluated the scope of the inquiry the trial court must make when an attachment issued on an ex parte basis is challenged, and have concluded that once such an attachment is challenged (and notice and an opportunity to be heard are provided), the ex parte portion of the analysis becomes moot: "A motion to dissolve an *ex parte* attachment is treated as the equivalent of a contested motion for attachment after notice" in which the attaching plaintiff has the burden to establish, by a preponderance of the evidence, "its entitlement to recovery of an amount equal to or greater than the amount of the attachment." *Foley v. Jacques*, 627 A.2d 1008, 1009-10 (Me. 1993) (alterations omitted) (quotation marks omitted); *see Plourde v. Plourde*, 678 A.2d 1032, 1035 (Me. 1996) (characterizing a hearing on a motion to dissolve an ex parte attachment as a "rehearing of [the] original motion for attachment," and stating that, given that hearing, the issue regarding the defendant's likelihood of removing,

---

[5]  Another portion of M.R. Civ. P. 4A(h) provides that only a defendant may seek modification or dissolution of an attachment order based on the availability of specific property or funds to satisfy a judgment.

8

concealing, or destroying property was moot); *Herrick v. Theberge*, 474 A.2d 870, 876 (Me. 1984) ("[T]he 'ex parte need' question did not remain a viable issue once the dissolution motion justice determined, after full notice and hearing, with the burden of proof resting on plaintiffs, that they were entitled to [an attachment]." (footnote omitted)). Indeed, we have noted that "no conceivable purpose is served by returning to the situation prevailing [on the date the attachment was entered on an ex parte basis] for the dissolution motion justice to determine anew, and for the Law Court to review, whether a satisfactory reason then existed for the first justice to proceed ex parte." *Herrick*, 474 A.2d at 876. Thus, on a challenge to an attachment issued on an ex parte basis, the court is tasked with considering—this time with notice to the defendant and an opportunity to be heard—whether the plaintiff has made the requisite showing to obtain an attachment, that is, the likelihood of success in a certain amount.

[¶11] Although the court acknowledged this line of cases, it nonetheless distinguished the motions here based on the parties who filed the motions. To the extent the court's analysis was based on our less than clear language, we clarify here that the court's only role should have been to determine whether the Estate of Summers established the elements to obtain an attachment, that is, the likelihood of success in a certain amount. Because none of the four Estates challenged the Estate of Summers's entitlement to an attachment, however, there was nothing for

the court to consider on the motions to dissolve the Estate of Summers's attachment. It was therefore error to dissolve the attachment the Estate of Summers received on an ex parte basis in December and issue a new attachment, and we vacate the judgment doing so.[6]

[¶12] Finally, we disagree with the argument that we cannot reinstate the date of the December attachment order as the Estate of Summers's date of priority, and that the appeal is therefore moot. On multiple occasions, we have ordered the reinstatement of an attachment that had been improperly dissolved. *See Plumbago Mining Corp. v. Sweatt*, 444 A.2d 361, 368 (Me. 1982); *Cranston v. Commercial Chem. Corp.*, 324 A.2d 301, 305 (Me. 1974); *cf. Citizens Bank N.H. v. Acadia Group, Inc.*, 2001 ME 41, ¶ 13 & n.3, 766 A.2d 1021. By vacating the judgment dissolving the December attachment, we effectively reinstate the Estate of Summers's attachment dating back to December 3, 2014.

The entry is:

> Judgment dissolving the December 3, 2014, attachment and entering a later attachment in favor of the Estate of Summers is vacated. Attachment in favor of the Estate of Summers dated December 3, 2014, is reinstated.

---

[6] Given this conclusion, we need not address the Estate of Summers's additional contention—that the other Estates lacked standing to challenge the attachment pursuant to Rule 4A—because it makes no difference to the outcome of this matter.

**On the briefs:**

John S. Campbell, Esq., Campbell & Associates, P.A., Portland, and Thomas F. Hallett, Esq., The Hallett Law Firm, Portland, for appellant Estate of Steven Summers

Michael K. Martin, Esq., and Ryan C. Almy, Esq., Petruccelli, Martin & Haddow, LLP, Portland, for appellee Estate of Ashley E. Thomas

Robert H. Furbish, Esq., Berman & Simmons, P.A., Lewiston, for appellee Estate of David R. Bragdon

Gregory Nisbet, the Estate of Nicole Lyn Finlay, and the Estate of Christopher Conlee did not file a brief

**At oral argument:**

Thomas F. Hallett, Esq., for appellant Estate of Steven Summers

Michael K. Martin, Esq., for appellee Estate of Ashley E. Thomas

Cumberland County Superior Court docket number CV-2014-487
FOR CLERK REFERENCE ONLY