MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2019 ME 80
Docket:      Cum-18-418
Argued:      April 10, 2019
Decided:     May 28, 2019

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

PORTLAND MUSEUM OF ART

v.

ANNEMARIE GERMAIN

PER CURIAM

[¶1]  Annemarie Germain appeals from an order denying her motion to dissolve the ex parte attachment entered by the Superior Court (Cumberland County, *L. Walker, J.*).[1]  She argues that the court applied an incorrect standard of proof.  We agree and vacate only the order denying her motion to dissolve the ex parte attachment.

## I.  BACKGROUND

[¶2]  On August 2, 2017, the Portland Museum of Art (PMA) filed a complaint against Germain alleging tortious interference with expected inheritance and undue influence, and requested an accounting.  On

---

[1] Germain also argues that the court lacked the authority to enter the ex parte order; however, we do not reach the merits of this argument because we conclude that the court applied the incorrect legal standard to her motion to dissolve the attachment and vacate on that basis.

2

September 7, 2018, the PMA filed an ex parte motion for attachment and trustee process, which the court granted on September 26, 2018. *See* M.R. Civ. P. 4A(g), 4B(i).

[¶3]  On October 3, 2018, Germain filed a motion to dissolve the attachment and trustee process.  M.R. Civ. P. 4A(h), 4B(i).  After a hearing, the court denied her motion to dissolve.  In its order, the court rejected Germain's argument that the PMA had not established that it was more likely than not that the PMA would prevail in the underlying action and held that "there is a *reasonable likelihood* that the plaintiff will recover judgment."  (Emphasis added.)  Germain timely filed a notice of appeal.[2]

## II.  DISCUSSION

[¶4]  We consider the denial of a motion to dissolve an ex parte attachment for an abuse of discretion.  *See  Libby O'Brien Kingsley & Champion, LLC v. Blanchard*, 2015 ME 101, ¶ 5, 121 A.3d 109; *Trans Coastal Corp. v. Curtis*, 622 A.2d 1186, 1188 (Me. 1993).  Because the court clearly applied the incorrect standard of proof in its written order denying Germain's motion to dissolve, a lengthy discussion of the issue is unnecessary.

---

[2]  Attachment orders, generally, may be directly appealed, and orders issued ex parte are fully reviewable through a motion to dissolve, as Germain filed.  *See Plourde v. Plourde*, 678 A.2d 1032, 1034 (Me. 1996); M.R. Civ. P. 4A(h), 4B(j).

[¶5]  A motion to dissolve an ex parte attachment is treated as the equivalent of a contested motion for attachment; thus, when confronted with a motion to dissolve, a party seeking an attachment bears the burden of proving by a preponderance of the evidence that it is likely to recover a judgment in an amount equal to or greater than the amount of the attachment.  *See Estate of Summers v. Nisbet*, 2016 ME 88, ¶ 10, 141 A.3d 1109; *Trans Coastal Corp.,* 622 A.2d at 1188; M.R. Civ. P. 4A(g), 4B(i).  In this case, although the court correctly applied the preponderance standard in the ex parte order and discussed it with the parties numerous times at the dissolution hearing, the court unambiguously articulated the incorrect standard of proof in its order on the motion to dissolve.[3]  Despite the strength of the evidence supporting the attachment, we cannot conclude that the misstatement of the standard is harmless in this case.  Therefore, we must vacate the court's order denying Germain's motion to

---

[3] The court found that "there is a *reasonable likelihood* that the plaintiff will recover judgment . . . in an amount equal to or greater than the amount of attachment," (emphasis added), and, quoting *Ne. Inv. Co. v. Leisure Living Cmtys. Inc*., 351 A.2d 845, 851-52 (Me. 1976), then explained that, "[t]o satisfy the reasonable likelihood requirement, plaintiff needs only have had a 'mere probability of success or a favorable chance of success.'"  Finally, the court held, "Applying the relatively low threshold articulated in the foregoing caselaw examples, this is decidedly not enough for the Court to conclude that there is *virtually no chance* of [the PMA] recovering on its claim."  (Emphasis added.)  This statement is derived from outdated law, however, and is a clear deviation from the applicable standard of preponderance of the evidence, which became effective following a 1992 amendment to M.R. Civ. P. 4A and 4B.  *See* M.R. Civ. P. 4A Advisory Committee's Note to 1992 amend. (clarifying that the new standard of proof of preponderance of the evidence requires a higher threshold showing than the previous standard of reasonable likelihood); *see also Estate of Summers v. Nisbet*, 2016 ME 88, ¶ 10, 141 A.3d 1109; *Trans Coastal Corp. v. Curtis*, 622 A.2d 1186, 1188 (Me. 1993).

dissolve the ex parte attachment and remand for the court to reconsider her motion to the dissolve ex parte attachment and apply the correct standard of proof.  The ex parte attachment order remains in full force and effect until the Superior Court issues a new order, applying the proper standard, on Germain's motion to dissolve.

The entry is:

> Order denying motion to dissolve attachment is vacated.  Remanded for further proceedings consistent with this opinion.

---

Gene R. Libby, Esq., and Tyler J. Smith, Esq. (orally), Libby O'Brien Kingsley & Champion, LLC, Kennebunk, for appellant Annemarie Germain

Thimi R. Mina, Esq., and Alfred C. Frawley IV, Esq. (orally), McCloskey, Mina, Cunniff & Frawley, LLC, Portland, for appellee The Portland Museum of Art

Cumberland County Superior Court docket number CV-2017-299
FOR CLERK REFERENCE ONLY