STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss                          CIVIL ACTION
                                        DOCKET NO. CV-19-082

MATTHEW REED and
CHRISTOPHER REED,

        Plaintiffs

v.                                      ORDER ON PLAINTIFFS'
                                        MOTION FOR ATTACHMENT
STEPHEN REED,

        Defendant

Before the court is plaintiffs' motion for attachment. M.R. Civ. P. 4A(c) & 4B(c). "A party seeking an attachment bears the burden of proving by a preponderance of the evidence that it is likely to recover a judgment in an amount equal to or greater than the amount of the attachment." Portland Museum of Art v. Germain, 2019 ME 80, ¶ 5, ___ A.3d ___.

In their complaint, plaintiffs allege defendant violated his duties as his mother's agent. 18-A M.R.S. § 5-914 (2018) ("an agent that has accepted appointment shall: act in accordance with the principal's reasonable expectations to the extent actually known by the agent and otherwise act as a fiduciary under the standards of care applicable to trustees. . . [a]ct in good faith; and [a]ct only within the scope of authority granted in the power of attorney."); see also Jordan v. Town of Waldoboro, No. 2:17-cv-00025-JHR, 2018 U.S. Dist. LEXIS 167836, at *28-29 (D. Me. Sept. 28, 2018). Plaintiffs further allege defendant interfered with their expectancy. See Morrill v. Morrill, 1998 ME 133, ¶ 7, 712 A.2d 1039 (explaining the elements of wrongful interference with expected inheritance are "(1) the existence of an expectancy of inheritance; (2) an intentional interference by a defendant through tortious conduct, such as fraud, duress, or undue influence; (3) a reasonable

REC'D CUMB CLERKS OFC
JUN 17 '19 PM3:19

1

certainty that the expectancy of inheritance would have been realized but for the defendant's interference; and (4) damage resulting from that interference.").

The court agrees with defendant that "this is a very factually nuanced case with many disputed issues." (Def.'s Mem. 10); see Wyman v. Prime Discount Securities, 819 F. Supp. 79, 89 (D. Me. 1993) (motion for attachment denied; "liability issues largely hinge on issues of credibility"). In addition, plaintiffs are required to support their allegations with affidavits that "set forth specific facts sufficient to warrant the required finding and shall be upon the affiant's own knowledge, information or belief." M.R. Civ. P. 4A(i) & 4B(c). "General unsubstantiated allegations of [plaintiffs], without more, are inadequate to establish grounds for an attachment under a preponderance of the evidence standard." Trans Coastal Corp. v. Curtis, 622 A.2d 1186, 1189 (Me. 1993); see also Wyman, 819 F. Supp. at 89 ("Specificity is required in the showing for the amount of the attachment."). Plaintiffs' allegations are insufficient to permit the court to conclude that it more likely than not that they will recover judgment in an amount equal to or greater than their requested amounts. (See, e.g., Pls.' Aff. ¶¶ 14, 18, 31; Lambert Aff. ¶¶ 8-13; Def.'s Aff. ¶¶ 13, 15, 55-56.)

The entry is

Plaintiffs' Motion for Attachment is DENIED.

Date: June 14, 2019

Nancy Mills
Justice, Superior Court

Entered on the Docket: 6/20/19

2