STATE OF MAINE                                      DISTRICT COURT
CUMBERLAND, ss.                                     PORTLAND
                                                    Docket No. CV-22-23

ST. ANDRE HEALTH CARE        )
      FACILITY               )
            Plaintiff        )
v.                           )      ORDER ON PLAINTIFF'S EX-PARTE MOTION
                             )      FOR ATTACHMENT AND ATTACHMENT
                             )      ON TRUSTEE PROCESS
CHARLES MORRILL              )                  REC'D CUMB CLERKS OF
                             )                  MAR 10 '22 PM4:13
            Defendant        )

Plaintiff, a healthcare facility specializing in intermediate and long-term care, seeks to collect sums arising out of Defendant's stay at the facility for care and room and board not covered by Medicare, MaineCare or any other insurance. To that end, Plaintiffs filed a Complaint on February 1, 2022 seeking damages comprised of $21,000 for the duration of Defendant's unpaid stay.

Pending before the court is Plaintiffs' Ex-parte Motion for Pre-Judgment Attachment and Attachment on Trustee Process filed February 1, 2022. Plaintiff seeks attachment in the amount of $21,000 pursuant to M.R. Civ. P. 4A and 4B.

The governing standard is clear: A court may grant a motion for attachment upon a finding that "it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an aggregate sum equal to or greater than the amount of the attachment and any liability insurance, bond, or other security ...." M.R. Civ. P. 4A(c); *Portland Museum of Art v. Germain*, 2019 ME 80, ¶ 5 ("a party seeking attachment bears the burden of proving by a preponderance of the evidence that it is likely to recovery a judgment in an amount equal to or greater than the amount of the attachment"). A ruling on a motion for approval of attachment may be made without a hearing. *See, e.g., Atlantic Heating Co. v. Lavin*, 572 A.2d 478, 479 (Me. 1990) ("Under the rules, a hearing is not required to be held prior to ruling on a motion for approval of attachment"); M.R. Civ. P. 4A(c).

*Ex parte* relief is warranted where there has been a showing of a "clear danger that the defendant, if notified in advance of attachment of the property, will remove it from the state or will conceal it or will otherwise make it unavailable to satisfy a judgment . . ." M.R. Civ. P.

4B(i). In this instance, based on the affidavits and exhibits presented, Defendant has expressly refused to pay his obligation to Plaintiff, endeavored to conceal the true extent of his assets, and has plainly averred that he plans to expend his assets to renovate his son's home and not to pay his overdue commitments to Plaintiff.

Having reviewed the Affidavits and exhibits filed in support of the Motion for Attachment, the court finds that it is more likely than not that Plaintiff will recover judgment against Defendant in an amount equal to or greater than $21,000.[1] Accordingly, it is hereby ORDERED that Plaintiff's Motion for Pre-Judgment Attachment and Attachment on Trustee Process is hereby GRANTED, subject to the exemptions set forth in 14 M.R.S. § 4422.

The clerk shall incorporate this Order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 3/10/22

Hon. Maria Woodman
Maine District Court Judge

Plaintiff-Robert Kline, Esq.
Defendant-not appeared as ex parte motion

Entered on the Docket: 03/11/22

---

[1] Exhibit A to the Affidavit of Donna Roy establishes that the sum of $19,348.46 is due as of December 31, 2021. The attorney affidavit outlines prejudgment interest and fees should Plaintiff prevail on the breach of contract claim. The court awards the Plaintiff the right to attach based on its request of $21,000, without prejudice to Plaintiffs' right to claim damages of a greater amount at trial.