STATE OF MAINE  
CUMBERLAND, ss.

DISTRICT COURT  
PORTLAND  
Docket No. CV-22-0018

KATHRYN L. LARRABEE )
        Plaintiff )
v. )
  )
  )
  )
DOUGLAS J. LARRABEE )
  )
        Defendant )

ORDER ON PLAINTIFF'S EX-PARTE MOTION  
FOR ATTACHMENT AND ATTACHMENT  
ON TRUSTEE PROCESS

Pending before the court is Plaintiffs' *Ex parte* Motion for Attachment and Attachment on Trustee Process filed January 14, 2022. Plaintiff, through her Power of Attorney, seeks attachment in the amount of $37,514.45 pursuant to M.R. Civ. P. 4A and 4B. Plaintiff argues that the sought-after sum is mandated by the terms of the parties' 1998 divorce decree from the State of Wyoming.

The terms of the Wyoming divorce decree state that Plaintiff is to be awarded a life estate in 107 Winnocks Neck Road, Scarborough, Maine, which was owned in part by Defendant. Pursuant to the decree, should the property be sold, Plaintiff is entitled to a sum certain of $22,000, to be adjusted by the U.S. Consumer Price Index at the time of sale. Plaintiff alleges that the property has sold and that she has received no payment in accordance with the divorce decree.

The governing standard is clear: A court may grant a motion for attachment upon a finding that "it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an aggregate sum equal to or greater than the amount of the attachment and any liability insurance, bond, or other security ...." M.R. Civ. P. 4A(c); *Portland Museum of Art v. Germain*, 2019 ME 80, ¶ 5 ("a party seeking attachment bears the burden of proving by a preponderance of the evidence that it is likely to recovery a judgment in an amount equal to or greater than the amount of the attachment"). A ruling on a motion for approval of attachment may be made without a hearing. *See, e.g., Atlantic Heating Co. v. Lavin*, 572 A.2d 478, 479 (Me. 1990) ("Under the rules, a hearing is not required to be held prior to ruling on a motion for approval of attachment"); M.R. Civ. P. 4A(c).

The court is not persuaded that and *Ex parte* Order of Attachment and Attachment on Trustee Process is appropriate on these facts. Plaintiff states only that Defendant is part-owner in

another piece of real property in Scarborough and that she fears Defendant will sell his share of that property to his sibling co-owners should he be given an opportunity to be heard on the ultimate issue of the proceeds of the sale of 107 Winnocks Neck Road.

*Ex parte* relief is not warranted where, as here, there has been no showing of a "clear danger that the defendant if notified in advance of attachment of the property will remove it from the state or will conceal it or will otherwise make it unavailable to satisfy a judgment, or there is immediate danger that the defendant will damage or destroy the property to be attached." M.R. Civ. P. 4B(i).

Accordingly, it is hereby ORDERED that Plaintiff's *Ex parte* Motion for Attachment and Attachment on Trustee Process is hereby DENIED.

The clerk shall incorporate this Order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 3/11/22

_____
Hon. Maria Woodman
Maine District Court Judge

Plaintiff-Kenneth Altshuler, Esq.
Defendant-not appeared as ex parte motion

STATE OF MAINE
Cumberland, ss. Clerk's Office

MAR 1 1 2022  3:36PM
RECEIVED

Entered on the Docket: 03/11/22