STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. CV 23-321

MUSSEL COVE MARINE LLC

v.                                                ORDER

CLAPBOARD ISLAND HOLDINGS, LLC


Before the court is Plaintiff's Motion for an Ex Parte Motion for Attachment against property of Defendants. The court is unwilling to decide the Motion on an *ex parte* basis, leaving the motion undecided until Defendants have had a right to be heard.

The initial question is whether the court is prepared to grant the motion *ex parte*, meaning without giving Defendants a right to be heard. For an *ex parte* attachment, Rule 4A(g) sets a high bar.

> When a plaintiff seeks to obtain an attachment order on an ex parte basis, Rule 4A(g) requires the plaintiff to establish the same likelihood of success as with an attachment pursuant to Rule 4A(c), but also requires the plaintiff to establish that "there is a clear danger that the defendant if notified in advance of attachment of the property will remove it from the state or will conceal it or will otherwise make it unavailable to satisfy a judgment" or that "there is immediate danger that the defendant will damage or destroy the property to be attached." M.R. Civ. P. 4A(g); *see Fuentes v. Shevin*, 407 U.S. 67, 82, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972) (stating that due process requires notice and a hearing before depriving a person of a property interest, except for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event. (quotation marks omitted)). It is this third requirement that allows a plaintiff seeking an attachment to obtain relief with an "extraordinary" process that permits the bypass of what otherwise is required, i.e., notice to the other party or parties.

*Estate of Summers v. Nisbet*, 2016 ME 88, ¶ 8.

Here, the only evidence suggesting that Defendants will destroy or make property unavailable is 1. Defendants have a history of default with respect to this contract, 2. Plaintiff's

1

REC'D CUMB CLERKS OFC
SEP 8 '23 AM8:36

"knowledge of [Defendants'] past behavior and 3. Defendants "have taken steps to liquidate" the Maine real estate. The Plaintiff provided substantial evidence of a history of default, but that does not translate into immediate danger that property will be made unavailable. The court has insufficient knowledge of "past behavior" warranting an *ex parte attachment*. Finally, other than a hearsay statement from an unidentified individual, there is no evidence regarding the impending sale of the property. There is no information regarding to what degree Defendants have acted to sell the property.

The court appreciates that the Plaintiff is concerned that Defendants will make the property unavailable to satisfy judgment and an attachment may be appropriate. The court does not have sufficient evidence, however, that notice of this motion would cause Defendants to convey property for the purpose of making it unavailable for judgment that would allow the court to deprive them of a constitutional right to be heard.

Therefore, the court denies the Motion for Attachment to the extent it asks the court to decide the motion *ex parte*. The motion remains pending and Defendants will have 21 days to respond after service of this order, the Complaint and the motion on them.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: _____9/ 7 /23_____          _____
                                        Thomas R. McKeon
                                        Justice, Maine Superior Court

2